Gerald A. Emanuel (SBN 61049)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

E-FILING

FILED
2007 SEP 10 P 2: 28
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Attorneys for Plaintiff
JENNY WOLFES



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PVT

JENNY WOLFES,

    Plaintiff,

vs.

BURLINGTON INSURANCE COMPANY
AND DOES 1 to 25, inclusive,

    Defendants.

Case No. C 07-04657

COMPLAINT FOR BREACH OF
CONTRACT, BREACH OF COVEN-
ANT OF GOOD FAITH AND FAIR
DEALING, INTENTIONAL INFLIC-
TION OF EMOTIONAL DISTRESS,
NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS

Comes now Plaintiff and alleges:

1. Jenny Wolfes ("Wolfes") is an individual and at all times relevant to this action, was and is a resident of Santa Clara County, California.

2. Defendant Burlington Insurance Company (hereinafter Burlington) is, and at all times herein mentioned is a foreign insurer existing under the laws of the state of North Carolina. Plaintiff is informed and believes and thereon alleges that Burlington does business in the state of California by issuing and delivering policies of insurances to residents of the state of California through surplus lines brokers pursuant to Insurance Code Section 1760, et. seq. All acts alleged herein occurred in the State of California and Plaintiff brings this matter

1

subject to the laws of the State of California.

3. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, except that Plaintiff is informed and believes, and upon such information and belief alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint and/or is legally responsible for the wrongful acts alleged herein. Plaintiff therefore sues these Defendants by such fictitious names and will amend this Complaint to allege their true names and capacities when ascertained. Said DOE Defendants, and each of them, are collectively included in the reference to Defendants.

4. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things alleged below, was acting within the scope of such agency, and that the Defendants have ratified their conduct.

5. In or about June 27, 2004, Defendant Burlington for valuable consideration issued a commercial general liability insurance policy, number 585BW03318, to Big Sky Entertainment III, Inc., hereinafter referred to as the "policy" covering relevant periods during 2004.

6. Plaintiff Jenny Wolfes was at all times mentioned an officer, director, shareholder and employee of Big Sky Entertainment III, Inc., hereinafter referred to as "BSE III". Plaintiff is an insured under the Policy for liabilities covered by the policy arising out of Plaintiff's activities as an officer, director, shareholder and employee of BSE III.

7. The Policy provides, as set forth below:

A. The "Personal Injury" and "Advertising Injury" Insurance Agreement provides:

2

1. Insuring Agreement.

"a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured aganist any suit seeking those damages."

"b. This insurance applies to "Personal and Advertising injury" caused by an offense arising out of your business but only if the offense was committed in the coverage territory during the policy period."

B. The definition of Personal and Advertising provide:

"d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

8. On or about June 27, 2004 and while the policy was in full force and effect, Wolfes was served with a law suit filed in Santa Clara County Superior Court, Number 104CV025291 entitled *Big Sky Entertainment, III, Inc., individually and dba The Blue Tattoo, James Edward Pope, William G. Leunis III, Robert Simpson vs. Jenny Wolfes.* On September 20, 2005, Wolfes was served with a First Amended Cross-Complaint filed in the same action entitled *William G. Leunis III vs. Jenny Wolfes*. On October 20, 2006, Wolfes was served with the Second Amended Cross-Complaint filed in the same action entitled *William G. Leunis III vs. Jenny Wolfes* hereinafter referred to as the underlying action.

9. The complaint in underlying action alleges that Plaintiff made telephone calls to interfere with the sale of the assets of BSE III. The complaint also alleges that Plaintiff took actions that were disruptive of the sale by making accusations about the building and the property. The complaint, inter alia, seeks damages arising from the alleged actions of Plaintiff in making statements and accusations, which interfered with the sale and were disruptive of the sale.

10. On October 20, 2005, July 18, 2006, and November 13, 2006 Wolfes tendered to Burlington the complaint and cross-complaint and demanded that pursuant to the policy, Burlington provide a defense on behalf of Wolfes and indemnify her with respect to the complaint and cross-complaint. Defendants subsequently acknowledged the receipt of the tender of the defense.

11. Plaintiff is informed and believes and thereon alleges that Burlington failed to conduct a proper, full and complete investigation of the facts and circumstances giving rise to the claims asserting in the underlining action. Subsequently, Burlington denies the tender of the defense.

12. Plaintiff is informed and believes and thereon alleges that Burlington failed and refused to:

A. Conduct a prompt, full and complete investigation of the claim in addition to those matters alleged in the complaint.

B. Defend their insured from the claims asserted in the underlying action.

C. Indemnify their insured from the claims asserted in the underlying action

D. Conduct any investigating after they rejected the tender of defense into the circumstances surrounding the claims asserted in the underling action.

13. The facts alleged in the underlying action and the information that was available to Burlington at the time of the tender revealed:

A. That there was a potential for liability under the "Personal injury and Advertising injury" coverage in that it is claimed that Plaintiff made telephone calls to interfere with the sale of the assets of BSE III, and that she made accusations which disrupted the sale. That the plaintiffs in the underlying action claimed damages as a result of the

4

statements and accusations made by Plaintiff and sought to enjoin and restrain Plaintiff from making further statements and accusations.

14. Plaintiff has performed all of her obligations under the contract identified above, except for those obligations which because of the breach by BURLINGTON, of its obligations, Plaintiff has been excused or prevented from performing.

## FOR A FIRST AND SEPARATE ACTION

### (For Breach of Contract)

As and for a separate and distinct FIRST CAUSE OF ACTION, Plaintiff complains against defendant BURLINGTON, and alleges:

15. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 14 herein.

16. Plaintiff is informed and believes that BURLINGTON breached its obligations under the policy in the following manner:

   A. By delaying in making any determination under all potential applicable coverage as to whether or not any defense was owed by BURLINGTON, or any of them, to the plaintiffs for the claims arising out of the underlying action;

   B. By failing to conduct a full and complete investigation into the facts and circumstances of the claims asserted against Plaintiff in the underlying action;

   C. By failing and refusing to defend Plaintiff from the claims asserted in the underlying action; and,

   D. By failing and refusing to indemnify Plaintiff from the claims asserted in the underlying action; and,

   E. By doing each of the acts or omissions alleged in paragraph 12.

17. Plaintiff is informed and believes that BURLINGTON failed and refused to conduct an investigation into the facts and circumstances of the claims asserted against Plaintiff and to provide a defense for her in the underling action. As a result of the breach of contract by BURLINGTON Plaintiff has been damaged, injured and prejudiced. Plaintiff was required to retain counsel to defend herself against the claims asserted against her.

18. As a result of the failure and refusal of BURLINGTON to conduct an investigation and defend Plaintiff, BURLINGTON is estoppded from relying on any subsequently discovered information to support its rejection of Plaintiff's tender of her defense in the underlying action.

19. As a direct and proximate cause of the breach of contract by BURLINGTON of its obligations under the policy Plaintiff has been damages as follows:

    A. Plaintiff has been required to retain attorneys and to pay attorney's fees to defend her from the claims in the underling action all in an amount to be proven at trial;

    B. General damages in an amount to be proven at trial

20. Plaintiff is informed and believes and thereon alleges that the denial of benefits, as alleged in this complaint, was vexatious and without cause. Pursuant to Insurance Code Section 1619, Plaintiff is entitled to reasonable attorney fees incurred in prosecution this action in an amount to be proven at time of trial

WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

**FOR A SECOND AND SEPARATE ACTION**

**(For Breach of the Covenant of Good Faith and Fair Dealing)**

As and for a separate and distinct FIRST CAUSE OF ACTION, Plaintiff complains against defendant BURLINGTON, and alleges:

21. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 20 herein.

22. At all times herein relevant, said BURLINGTON agreed to act in good faith and deal fairly with Plaintiff when it entered into the policy and accepted premiums from Plaintiff. BURLINGTON thereby assumed a special relationship with, and fiduciary obligation to Plaintiff, and agreed to abide by its said duties. Nevertheless, BURLINGTON refused and failed to act in good faith and deal fairly with Plaintiff, and breached said obligations, as is set forth more particularly below.

23. Plaintiff is informed and believes and thereon alleges that BURLINGTON breached the implied covenant of good faith and fair dealing arising out of the policy, in the following respects:

    A. By failing to conduct a full and complete investigation into the facts and circumstances of the claims asserted against plaintiff in the underlying action;

    B. By unreasonably and narrowly interpreting the policy in manner calculated to deny benefits due Plaintiff under the policy, including refusing to consider or distinguish cited authority which holds that the allegations in the underlying action triggered a duty by BURLINGTON to defend Plaintiff.

    C. Burlington unreasonably refused to pay for the cost of the defense in the underling action.

    D. BURLINGTON conspired with the William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees in

order gain an unfair advantage, to decrease Leunis' liability, and to dissuade Plaintiff from seeking benefits due her under the policy by unreasonably opposing Plaintiff's motions, all calculated to increase Plaintiff's attorney fees.

E. BURLINGTON conspired with William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees and to decrease the potential liability in order to gain an unfair advantage, to decrease Leunis' liability and dissuade Plaintiff from seeking benefits due her under the policy by refusing to negotiate in good faith with Plaintiff.

24. The denial of benefits claimed by Plaintiff under the policy was done by BURLINGTON without reasonable cause. BURLINGTON knew that a duty to defend was owed to Plaintiff, yet refused to provide a defense. As a direct and proximate result of the unreasonable conduct of BURLINGTON Plaintiff has been required to retain attorneys and to pay attorney's fees to obtain benefits due her under the policy. Plaintiff has suffered emotional distress as a result of the conduct of BURLINGTON.

25. As a result of the tortuous conduct of BURLINGTON, Plaintiff was damaged and injured. Plaintiff is therefore, entitled to recover:

1. Reasonable attorneys fees incurred by Plaintiff in obtaining policy benefits in an amount to be proved at time of trial;

2. Plaintiff is entitled to an award of general damages as compensation for her emotional distress in an amount that is to be proved at the time of trial; and

3. Reasonable attorney's fees incurred by Plaintiff in defending the underlying action.

26. Plaintiff is informed and believes and thereon alleges that BURLINGTON

intentionally engaged in a course of conduct, which was intended to oppress Plaintiff and to dissuade Plaintiff and her from seeking benefits due to the plaintiff under the policy. The aforementioned acts of Burlington were willful, wanton, malicious and oppressive, and justify an award of exemplary and punitive damages in an amount not yet ascertainable.

27. BURLINGTON continues to engage in the aforementioned acts, and said conduct and bad faith constitutes a continuing tort and continuing bad faith to Plaintiff causing Plaintiff continuing damage as described herein beyond the date of filing of this action.

WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

## FOR A THIRD AND SEPARATE ACTION

### ( Intentional Infliction of Emotional Distress)

As and for a separate and distinct third CAUSE OF ACTION, Plaintiff complains against defendant BURLINGTON and alleges:

28. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 27 herein.

29. In so doing, BURLINGTON pursued an outrageous course of conduct, intentionally and/or recklessly, proximately causing Plaintiff severe emotional distress, shock and other highly unpleasant emotions.

30. As a further direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has suffered mental and emotional distress, including but not limited to frustration, depression, nervousness and anxiety and has thereby incurred general damages in a sum to be determined according to proof at time of trial.

31. As a further direct and proximate result of the aforementioned conduct of

BURLINGTON, Plaintiff has been obliged to expend or incur liability for costs of suit, attorney fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

32. As a further direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has suffered special damages in an amount according to proof at the time of trial from the lack of availability of said sums to him.

33. The conduct of BURLINGTON as described herein was done willfully, oppressively, maliciously, with conscious disregard of the rights of Plaintiff, and with the intent to annoy, harass or injure Plaintiff such that Plaintiff is entitled to a recovery of exemplary damages.

WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

## FOR A   FOURTH AND SEPARATE CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

As and for a separate and distinct FOURTH CAUSE  OF ACTION, Plaintiff complains against BURLINGTON , and alleges:

34. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 33 herein.

35. At all times herein mentioned, it was foreseeable to BURLINGTON that as a proximate result of its conduct as alleged herein, Plaintiff would be caused to suffer severe emotional distress, shock and other highly unpleasant emotions.

36. As a direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has suffered mental and emotional distress, including but not

limited to frustration, depression, nervousness and anxiety and has thereby incurred general damages in a sum to be determined according to proof at time of trial.

37. As a further direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has been obliged to expend or incur liability for costs of suit, attorney fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

38. As a further direct and proximate result of the aforementioned conduct of defendant BURLINGTON, Plaintiff has suffered special damages in an amount according to proof at the time of trial from the lack of availability of said sums to him.

WHEREFORE, Plaintiff prays judgment against BURLINGTON as follows:

1. For general, special and consequential damages according to proof;

2. For exemplary damages according to proof;

3. For reasonable attorney's fees and costs and related expenses of litigation, according to proof;

4. For reasonable attorney fees and costs and related of litigation expenses incurred in the defense of underling action

5. For interest according to proof; and

6. For such other and further relief as the court deems proper.

Dated: 9-10-07

GERALD A. EMANUEL
Attorney for Plaintiff