**WESTON & McELVAIN LLP**
RICHARD C. WESTON, Bar #126491
RICHARD C. REY II, Bar #193212
888 West Sixth Street, 15th Floor
Los Angeles, California 90017
Telephone:  (213) 596-8000
Facsimile:   (213) 596-8039
E-mail:      rweston@wmattorneys.com
             rrey@wmattorneys.com

Attorneys for Defendant
**THE BURLINGTON INSURANCE
COMPANY (erroneously sued as
Burlington Insurance Company)**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNY WOLFES,<br><br>               Plaintiffs,<br><br>vs.<br><br>BURLINGTON INSURANCE<br>COMPANY AND DOES 1 to 25,<br>inclusive,<br><br>               Defendants. | CASE NO. C07 04657 JW<br><br>**DEFENDANT THE BURLINGTON INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:      January 28, 2008<br>Time:     9:00 a.m.<br>Ctrm:    8<br><br>*[Filed Concurrently with Burlington's Notice of Motion and Motion to Dismiss]* |

TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant The Burlington Insurance

Company requests that the Court take judicial notice of the following documents:

    1.      A true and correct copy of the Verified Complaint filed by Big Sky

          Entertainment III, Inc., James Edward Pope, William G. Leunis III

          and Robert Simpson against Jenny Wolfes in Santa Clara County

1    Superior Court, Case No. 104CV02529, is attached hereto as Exhibit

2    No. 1;

3

4    2.    A true and correct copy of the Complaint filed by Plaintiff Jenny

5    Wolfes, Case No. 106CV075899 RMW is attached hereto as Exhibit

6    No. 2; (which is now part of Case No. C0700696 RMW)

7

8    3.    A true and correct copy of Burlington's Answer to the Complaint is

9    attached hereto as Exhibit No. 3;

10

11    4.    A true and correct copy of Burlington's Notice of Pre-Trial Dates and

12    Procedures as Exhibit No. 4; and,

13

14    5.    A true and correct copy of the second Complaint filed by Plaintiff

15    Jenny Wolfes against Burlington, Case No. C07 04657 PVT, is

16    attached hereto as Exhibit No. 5.

17

18    Dated:  November 7, 2007        WESTON & McELVAIN LLP

19

20

21    By: _____

22    Richard C. Weston
    Richard C. Rey II

23    Attorneys for Defendant THE
    BURLINGTON INSURANCE COMPANY

24

25

26

27

28

# EXHIBIT 1

1  MARC L. SHEA, ESQ., State Bar No. 087712
   POPELKA ✦ ALLARD, A P.C.
2  160 W. Santa Clara Street, 12ᵗʰ Floor
   San Jose, CA 95113-1733
3  [408] 298-6611 Telephone
   [408] 275-0814 Facsimile
4
   Attorneys for Plaintiffs
5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SANTA CLARA

10

| | |
|---|---|
| BIG SKY ENTERTAINMENT III, INC., individually and dba The Blue Tattoo, JAMES EDWARD POPE, WILLIAM G. LEUNIS III, ROBERT SIMPSON,<br><br>                    Plaintiffs,<br><br>v.<br><br>JENNY WOLFES, and DOES 1-20, inclusive,<br><br>                    Defendants | No.<br><br>VERIFIED COMPLAINT FOR INJUNCTION; CONVERSION; BREACH OF FIDUCIARY DUTY; INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br><br>Amount Demanded Exceeds $25,000 |

18        Plaintiffs allege as follows:

19        1.    Plaintiff BIG SKY ENTERTAINMENT III, INC. (the "company" or "Big Sky") is

20  a California corporation doing business in Santa Clara County, State of California  Plaintiff has

21  complied with the fictitious business name laws of California and does business in Santa Clara

22  County as The Blue Tattoo,  a bar/restaurant generally located at 170 W. St. John (the corner of W.

23  St. John and San Pedro streets), San Jose (the "property").

24        2.    Plaintiff JAMES EDWARD POPE (hereinafter "POPE") is a shareholder of Big

25  Sky and owns 50 shares representing an ownership interest in the company of approximately

26  twenty-four and seven tenths percent (24.7%).

27        3.    Plaintiff WILLIAM G. LEUNIS III  (hereinafter "LEUNIS") is a shareholder of

28  Big Sky and owns 69 shares representing an ownership interest in the company of thirty-four and

POPELKA ✦ ALLARD, A P.C.
160 W. Santa Clara St., 12ᵗʰ Fr
San Jose, CA 95113-1733
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT                                        1

Exhibit ___1___  Page 3

1  two-tenths percent (34.2%).  LEUNIS is also one of the major creditors of the company, being

2  owed in excess of two hundred and sixty thousand dollars ($260,000.00)

3      4.    Plaintiff ROBERT SIMPSON  (hereinafter "SIMPSON") is a shareholder of Big

4  Sky and owns approximately 25 shares representing an ownership interest in the company of

5  twelve and four-tenths percent (12.4%).

6      5.    Defendant JENNY WOLFES (hereinafter "WOLFES" is a shareholder of Big Sky

7  and is the holder of approximately 50 shares representing an ownership interest in the company of

8  approximately twenty-four and seven tenths percent (24.7%).

9      6.    Shareholders FRANK and THERSE AMMIRO (hereinafter "AMMIRO") are

10  shareholders of Big Sky and are the holders of 8 shares representing  ownership interest in the

11  company of approximately four percent (4%).

12      7.    The directors of Big Sky are POPE, LEUNIS, SIMPSON and WOLFES.

13      8.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

14  DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names.

15  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

16  Plaintiff is informed and believes and thereon alleges, that each of the fictitiously-named

17  defendants is legally responsible in some manner for the occurrences herein alleged, and that the

18  damages as herein alleged were proximately caused by those defendants.

19                        FACTUAL BACKGROUND

20      9.    Big Sky has struggled financially.  It lost money in 2003 and is losing money in

21  2004.  It is insolvent as its debts exceed its assets and as it is unable to pay its bills as they become

22  due.  The directors of the company have been tried to determine the best course for the company.

23      10.    On or about May 31, 2004, defendant Wolfes took over fourteen thousand eight

24  hundred dollars ($14,800.00) from the cash assets of the company, without consulting, and without

25  the approval of, any other director or officer of the company.   As a result, the company was unable

26  to make payment towards its obligations on the lease of the property.  Despite repeated demands

27  that she return the money to the company, defendant Wolfes has failed and refused to return the

28  monies.

\\

POPELKA + ALLARD, A P.C.
160 W. Santa Clara St., 12ᵗʰ Flr
San Jose, CA 95113-1733
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT          2

Exhibit  1  Page 4

11.  In June, 2004, while Wolfes was acting as the operating manager of the bar/restaurant, the company was burglarized on at least two occasions, and property having a value of at least thirty thousand dollars ($30,000.00) was stolen.

12.  At a board of directors' meeting held on June 30, 2004, the directors discussed marketing the company for sale.

13.  In or about late June, 2004, the company received information that defendant Wolfes had reported to the California Department of Alcoholic Beverage Control, to the California Employment Development Department, and to other state and local agencies, that: (a) she was no longer involved with the company, and (b) that the company was allegedly not in compliance with certain regulations and laws. Plaintiffs have demanded that defendant Wolfes provide copies of the letters she sent to such state and local agencies, but defendant Wolfes has not done so.

14.  On July 8, 2004, the company entered into a Management Agreement with a third party to run the restaurant at the property. Thereafter, the third party expressed an interest in buying the assets of the company. Plaintiff POPE reported that the third party's interest to the other directors. Directors POPE, LEUNIS and SIMPSON were, and are, in favor of selling company assets to the third party (also "buyers"). Defendant Wolfes, however, was and is not.

15.  On or about July 15, 2004, and at various times since then, WOLFES said to LEUNIS that she would do everything in her power to stop the sale of the assets of the company to the buyers.

16.  On July 15, 2004, notice of a meeting of directors, shareholders, and creditors was sent out and on July 19, 2004, a meeting of the directors was started. Plaintiff, and director Ed Pope, announced that the buyers might be willing to purchase the company's assets for between $300,000 and $350,000. All directors were in favor of pursuing that opportunity except for defendant Wolfes, who voiced her opposition. At the continued meeting, the directors voted to terminate, without cause, defendant Wolfes' position as an officer and employee of the company. Accordingly, her only remaining relationship with the company is as a shareholder and director of the company.

17.  On July 20, 2004, plaintiff LEUNIS participated in a telephone conversation with WOLFES concerning the company. Defendant Wolfes said she opposed the proposed sale, and

POPELKA • ALLARD, A P.C.
160 W. Santa Clara St., 12ᵗʰ Flr.
San Jose, CA 95113-1723
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT                                    3

Exhibit 1  Page 5

1 vowed to stop the transaction.

2  18. On or about July 21, 2004, plaintiffs heard from reliable sources that Wolfes had

3 made telephone calls to interfere with the sales transaction. That evening, the buyers gave notice

4 that they wanted to back out of the purchase of assets, and the company had to make significant

5 concessions to the buyers to keep them interested.

6  19. On July 21, 2004, notice of a meeting of directors, shareholders, and creditors was

7 sent out and on July 23, 2004, a meeting of the directors was started. A majority of the directors

8 passed a resolution to sell most of the company's assets to the buyers on certain terms and

9 conditions.

10  20. The shareholder's meeting was held on August 2, 2004. All shareholders were

11 represented in person or by proxy. Of the 202 shares outstanding, 152 shares (just over 75%)

12 voted to sell the company's assets to the buyers. Wolfes did not vote her shares at the meeting, but

13 on August 4, 2004, gave notice that she voted her shares against the resolution.

14  21. Notwithstanding the decisions of the directors and shareholders to sell company

15 assets, Wolfes has continued to take actions which are disruptive of that sale. Plaintiffs have

16 spoken with employees of the company and with promoters who state that defendant Wolfes has

17 solicited them to stop working with the company. Defendant Wolfes has made accusations about

18 building at the property without knowing all the facts and without discussing the facts at directors'

19 meetings. She has made unauthorized contact with the San Jose Planning Commission, and other

20 state and local agencies, for the apparent purpose of interfering with the planned sale of assets to

21 the buyers. She has made demands to inspect corporate records at times when she knew the

22 director and Chief Financial Officer of the company was out of the area and when the company

23 could not possibly comply. Defendant's actions are not beneficial to the company and are in

24 breach of her fiduciary duties to the company, its shareholders and creditors.

25  22. On or about August 1, 2004, defendant Does 1 through 10, inclusive, and each of

26 them, stole company permits at the property and poured a bag of cement into the company's septic

27 system.

28  23. On or about August 12, 2004, Wolfes served on personnel at the company's

business premises a written demand to be allowed into the business premises. Wolfes had not

POPELKA + ALLARD, A P.C.
160 W. Santa Clara St., 11th Flr
San Jose, CA 95113-1733
(408) 291-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT    4

1  consulted with the company's other directors and officers regarding this request. This demand

2  appears to have been calculated to intimidate the buyers of the company, which is currently helping

3  remodel the business premises as part of the purchase of assets of the company.

4      24.    These actions are disruptive to plaintiff's business and its plans to sell its assets to

5  the buyers. Plaintiffs are informed and believe and thereon state that unless Wolfes is enjoined and

6  restrained as hereafter pled, that plaintiffs may suffer irreparable injury including without

7  limitation the loss of its opportunity to sell its assets to the buyers.

8

9  <u>FIRST CAUSE OF ACTION</u>

10  *[Injunctive Relief]*

11      25.    Plaintiffs incorporate herein by reference paragraphs 1 through 24 of this complaint

12  as though fully set forth herein.

13      26.    Plaintiffs are informed and believe and thereon state that WOLFES will continue to

14  act to undermine and destroy the sale of the assets of the company to the buyers.

15      27.    Plaintiffs have no adequate legal remedy to prevent WOLFES acting to interfere

16  with the contractual relations between Big Sky and the buyers of the assets.

17      28.    Plaintiffs request injunctive relief enjoining WOLFES, and her agents, servants,

18  employees and representatives, and all persons acting in concert or participating with her, from:

19      (A)    contacting the buyers of the assets of the company;

20      (B)    Doing any act to interfere with, stop, or cause problems regarding the sale

21              of the assets of the company to the buyers;

22      (C)    Doing any act affecting the company without first discussing that act with

23              the other company directors at a duly noticed directors' meeting, and

24              attempting to obtain written approval for that act, including without

25              limitation: (i) contacting the company's landlord; (ii) contacting creditors or

26              suppliers concerning the company; (iii) contacting governmental agencies

27              concerning the company; (iv) contacting employees of the company.

    WHEREFORE, plaintiffs pray for relief as set forth herein.

28

POPELKA • ALLARD, A P.C.
160 W. Santa Clara St., 12th Flr.
San Jose, CA 95113-1725
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT                                                    5

Exhibit 1  Page 7

## SECOND CAUSE OF ACTION

### [Conversion]

29.    Plaintiffs incorporate herein by reference paragraphs 1 through 24 of this complaint as though fully set forth herein.

30.    Defendants Wolfes and Does 1 though 20, inclusive, have converted the property of the company.

31.    As a proximate result of said conversion, plaintiff company has been damaged in a sum not less than $14,800.

WHEREFORE, plaintiffs pray for relief as set forth herein.

## THIRD CAUSE OF ACTION

### [Breach of Fiduciary Duty]

32.    Plaintiffs incorporate herein by reference paragraphs 1 through 24 of this complaint as though fully set forth herein.

33.    Defendants Wolfes and Does 1 through 20, inclusive, and each of them, have at all relevant times owed fiduciary duties to the company, the shareholders, and the creditors of the company to act in their best interest and with the utmost loyalty, good faith and fair dealing.

34.    Defendants Wolfes and Does 1 through 20, inclusive, and each of them, have breached said fiduciary duties by taking the actions described herein to undermine the sale of company assets to the buyers.

35.    As a proximate result of said breaches of fiduciary duties, plaintiffs have sustained damage, the nature and extent of which are unknown. Plaintiffs request leave of court to insert the true amount of said damages when the same becomes known.

WHEREFORE, plaintiffs pray for relief as set forth herein.

## FOURTH CAUSE OF ACTION

### [Interference with Prospective Economic Relations]

36.    Plaintiffs incorporate herein by reference paragraphs 1 through 24 of this complaint as though fully set forth herein.

37.    Defendants interfered with contractual relations and/or prospective contractual relations between Big Sky and the buyers.

FOPELKA + ALLARD, A P.C.
160 W. Santa Clara St., 12th Flr.
San Jose, CA 95113-1733
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT                                          6

Exhibit ___1___ Page ___8___

1    38    As a direct and proximate result of defendants' actions, plaintiffs have been

2    damaged in an amount to be shown and pray leave of this court to insert the true amount of said

3    damages when same become known

4    WHEREFORE, plaintiff prays for judgment as follows:

5    As to the First Cause of Action:

6    1.    For injunctive relief enjoining WOLFES, and her agents, servants, employees and

7    representatives, and all persons acting in concert or participating with her, from:

8    (A)    contacting the buyers of the assets of the company;

9    (B)    Doing any act to interfere with, stop, or cause problems regarding the sale of the

10    assets of the company to the buyers;

11    (C)    Doing any act affecting the company without first discussing that act with the other

12    company directors at a duly noticed directors' meeting, and attempting to obtain

13    written approval for that act, including without limitation: (i) contacting the

14    company's landlord; (ii) contacting creditors or suppliers concerning the company;

15    (iii) contacting governmental agencies concerning the company; (iv) contacting

16    employees of the company.

17    2.    For costs of suit;

18    3.    For such other and further relief as the court may deem proper.

19    As to the Second through Fourth Causes of Action:

20    1.    For damages in an amount according to proof;

21    2.    For costs of suit;

22    3.    For such other and further relief as the court may deem proper.

23

24    Dated: August 17, 2004                    POPELKA ♦ ALLARD, A.P.C

25

26                                By_____

27                                MARC L. SHEA, ESQ.
                                  Attorney for Plaintiffs

28    Y:\p\popel\eunis v  wolfes-deblasi\pldgs\injunction action\complaint rev3 wpd

POPELKA ♦ ALLARD, A.P.C
160 W. Santa Clara St., 12th Flr
San Jose, CA 95113-1733
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT                                    7

Exhibit  1  Page  9

# EXHIBIT 2

**SUMMONS**
*(CITACIÓN JUDICIAL)*

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BURLINGTON INSURANCE COMPANY
and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
JENNY WOLFES

ENDORSED FILED

06 DEC -6  AM 8:00

D. Kontorovsky

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 NORTH FIRST STREET
SAN JOSE, CA  95113

**CASE NUMBER:**
*(Número del Caso):*
106CV075899

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAVID KRAFT, ESQ. #83533
181 DEVINE STREET
SAN JOSE, CA  95110

Kiri Torre
Chief Executive Officer/Clerk

DATE:
*(Fecha)*  DEC 0 6 2006

Clerk, by   D. Kontorovsky
*(Secretario)*

, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Burlington Insurance Company
   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [✓] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit 2  Page 10

12/6/07

DAVID KRAFT, #83533
Attorney at Law
181 Devine Street
San Jose, CA 95110
(408) 293-6193

Attorney for Plaintiff

FILED

06 DEC -6  AM 8: 00

CLERK
OF CA...
...CLARA

D. Kontorovsky

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

JENNY WOLFES,                          )    Case No. **106CV075899**
                                       )
          Plaintiff,                   )    COMPLAINT FOR DECLARATORY
                                       )    RELIEF
     vs.                               )    [CCP § 1060]
                                       )
BURLINGTON INSURANCE COMPANY )
AND DOES 1 to 25, Inclusive,           )
                                       )
          Defendant.                   )
_____)

Plaintiff alleges:

1. Jenny Wolfes ("Wolfes") is an individual and at all times relevant to this action,

Brown was and is a resident of Santa Clara County, California.

2. Defendant Burlington Insurance Company (hereinafter Burlington) is, and at all

times herein mentioned was, a corporation duly organized and existing under the laws of the

State of California and authorized to transact, and transacting, business as a commercial

general liability insurer in the State of California.

3. Plaintiffs have no knowledge of the true names and capacities of Defendants sued

herein as DOES 1 through 25, inclusive, except that Plaintiffs are informed and believe, and

upon such information and belief allege, that each of the fictitiously named Defendants is

1

Exhibit ___2___ Page ___11___

responsible in some manner for the occurrences alleged in this Complaint and/or is legally responsible for the wrongful acts alleged herein. Plaintiffs therefore sue these Defendants by such fictitious names and will amend this Complaint to allege their true names and capacities when ascertained. Said DOE Defendants, and each of them, are collectively included in the reference to Defendants.

4. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things alleged below, was acting within the scope of such agency, and that the Defendants have ratified their conduct.

5. On or about June 27, 2004, in Santa Clara County, Defendant Burlington for valuable consideration issued a commercial general liability insurance policy, number 585BW03318, to Big Sky Entertainment III, Inc., hereinafter referred to as the "policy" covering relevant periods during 2004.

6. Plaintiff Jenny Wolfes was at all times mentioned an officer, director, shareholder and employee of Big Sky Entertainment III, Inc. Wolfes was at all times mentioned insured under the policy.

7. On or about June 27, 2004 and while the policy was in full force and effect Wolfes was served with a law suit filed in Santa Clara County Superior Court, Number 104CV025291 entitled *Big Sky Entertainment, III, Inc., individually and dba The Blue Tattoo, James Edward Pope, William G. Leunis III, Robert Simpson vs. Jenny Wolfes.* On September 20, 2005 Wolfes was served with a First Amended Cross-Complaint filed in the same action entitled *William G. Leunis III vs. Jenny Wolfes.* On October 20, 2006 Wolfes was served with

2

Exhibit _2_ Page _12_

the Second Amended Cross-Complaint filed in the same action entitled *William G. Leunis III vs. Jenny Wolfes*

8. On October 20, 2005, July 18, 2006, and November 13, 2006 Wolfes tendered to Burlington the complaint and cross-complaint and demanded that pursuant to the policy, Burlington provide a defense on behalf of Wolfes and indemnify her with respect to the complaint and cross-complaint.

9. Burlington has refused and continues to refuse to provide a defense to Wolfes for the defense of the complaint and cross-complaint herein mentioned. Burlington has refused and continues to refuse to indemnify to Wolfes for the complaint and cross-complaint herein mentioned.

10. An actual controversy has arisen between the parties with respect to the rights and duties of each under the terms of the policy. Wolfes contends that Burlington is contractually bound by the terms of the policy to provide her with a defense with respect to the complaint and cross-complaint and to indemnify her with respect to the complaint and cross-complaint.

11. Defendant Burlington contends, and Plaintiff disputes, that Wolfes was not an insured, that if she was an insured the alleged acts in the complaint and cross-complaint were not done by her as an officer, director or employee of Big Sky Entertainment, III and that the policy does not provide for coverage for the causes of action alleged in the complaint and cross-complaint.

12. Plaintiff desires a judicial determination of her rights under the policy and a declaration as to which party's contention is correct.

3

Exhibit 2 Page 13

13. A judicial declaration is necessary and appropriate at this time under the circumstances herein described in order that the parties may ascertain their respective rights and duties under the policy.

Wherefore, Plaintiff prays judgment:

1. Declaring that Plaintiff Wolfes was an insured under the policy;

2. That acts alleged in the complaint or cross-complaint done by Wolfes as an officer, director or employee of Big Sky Entertainment, III, Inc.

3. That Burlington is contractually obligated under the policy to provide a defense for Plaintiff and or indemnify Plaintiff as to the complaint and cross-complaint.

4. For Plaintiff attorney fees and costs incurred in the defense of the complaint and cross-complaint.

6. For the costs of the suit herein incurred; and

7. For such other and further relief as the court may deem proper.

Dated: ___12-5-0___

_____

DAVID KRAFT
Attorney for Plaintiff
JENNY WOLFES

4

Exhibit __2__ Page __14__

106CV075899

# CIVIL LAWSUIT NOTICE

CASE NUMBER: _____

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons, an Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANTS* (the person(s) being sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
* Rose Printing, 39 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

*Your Case Management Judge is:* Honorable Kevin McKenney          DEPT: 16

*The first CMC is scheduled as follows:* (Completed by Clerk of Court).
             Date: APR 1 7 2007   Time: 2:15 PM  Dept.: 16

*The next CMC is scheduled as follows:* (Completed by party if the first CMC was continued or has passed)
             Date:             Time:          Dept.:

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Exhibit __2__ Page __15__

# EXHIBIT 3

1   **WESTON & McELVAIN LLP**
    RICHARD C. WESTON, Bar #126491
2   RICHARD C. REY II, Bar #193212
    888 West Sixth Street, 15th Floor
3   Los Angeles, California 90017
    Telephone:  (213) 596-8000
4   Facsimile:  (213) 596-8039
    E-mail:   rweston@wmattorneys.com
5             rrey@wmattorneys.com

6   Attorneys for Defendant
    **THE BURLINGTON INSURANCE COMPANY**

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12   JENNY WOLFES,                )   CASE NO. C07 00696 RMW (PVTx)
                                   )
13                 Plaintiffs,     )   **THE BURLINGTON INSURANCE
                                   )   COMPANY'S ANSWER TO
14        vs.                      )   COMPLAINT**
                                   )
15   BURLINGTON INSURANCE          )
     COMPANY AND DOES 1 to 25,     )
16   Inclusive,                    )
                                   )
17                 Defendants.     )
                                   )
18   _____)

19

20

21        Defendant THE BURLINGTON INSURANCE COMPANY, erroneously

22   sued as BURLINGTON INSURANCE COMPANY, ("Defendant") hereby

23   answers and responds to the allegations of the Complaint (the "Complaint"), filed

24   by Plaintiff Jenny Wolfes ("Plaintiff"), as follows:

25

26        1.    Answering the allegation of paragraph 1 of the Complaint, Defendant

27   lacks sufficient information to admit or deny the allegation and, therefore,

28   Defendant denies it.

                                                Exhibit __3__ Page _16_

                              -1-

1         2.     Answering the allegations of paragraph 2 of the Complaint,

2    Defendant admits that is authorized to do transact business as a commercial

3    general liability insurer in the State of California.  Defendant denies all remaining

4    allegations.

5         3.     Answering the allegation of paragraph 3 o of the Complaint,

6    Defendant lacks sufficient information to admit or deny the allegations and,

7    therefore, Defendant denies them.

8         4.     Answering the allegations of paragraph 4 of the Complaint,

9    Defendant lacks sufficient information to admit or deny the allegations and,

10   therefore, Defendant denies them.

11        5.     Answering the allegations of paragraph 5 of the Complaint,

12   Defendant admits that it issued a commercial general liability policy, policy

13   number 585BW03318, to Big Sky Entertainment III, LLC dba the Blue Tattoo

14   (San Jose), for the policy period of June 27, 2004 to June 27, 2005 (hereinafter,

15   the "Policy").  Defendant denies all remaining allegations.

16        6.     Answering the allegations of paragraph 6 of the Complaint,

17   Defendant denies the allegations therein.

18        7.     Answering the allegations of paragraph 7 of the Complaint,

19   Defendant lacks sufficient information to admit or deny these allegations and,

20   therefore, Defendant denies them.

21        8.     Answering the allegations of paragraph 8 of the Complaint,

22   Defendant admits the allegations therein.

23        9.     Answering the allegations of paragraph 9, Defendant admits that it

24   has denied coverage of Plaintiff's claim pursuant to the terms of the Policy.

25   Defendant denies all remaining allegations.

26        10.     Answering the allegations of paragraph 10 of the Complaint,

27   Defendant admits the allegations therein.

28        11.     Answering the allegations of paragraph 11 of the Complaint,

-2-

1   Defendant denies the allegations therein.

2       12.    Answering the allegation of paragraph 12 of the Complaint,

3   Defendant admits the allegation therein.

4

5       WHEREFORE, Defendant prays as follows: (1) that judgment be entered in

6   its favor; (2) that Plaintiff takes nothing by way of its Complaint; (3) that

7   Defendant be awarded its attorneys' fees and costs as allowed by law; and (4) that

8   Court grants such other relief as it may deem just and proper.

9

10  Dated:  February 8, 2007                    WESTON & McELVAIN LLP

11

12

13                                      By: _____

14                                          Richard C. Weston
                                            Richard C. Rey II
15                                          Attorneys for Defendant THE
                                            BURLINGTON INSURANCE COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28                                          Exhibit __3__ Page __18__

-3-

BURLINGTON'S ANSWER TO COMPLAINT

*PROOF OF SERVICE*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

   On February 8, 2007, I served the foregoing document described as: **THE BURLINGTON INSURANCE COMPANY'S ANSWER TO COMPLAINT** by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

David Craft
Attorney at Law
181 Devine Street
San Jose, CA 95110
*Counsel for Plaintiff*

Phone: (408) 293-6193
Fax:    (408) 275-0412

[X]    **(BY MAIL)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    (BY FACSIMILE)    I sent such document from facsimile machine (213) 596-8039 on February 8, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed on the attached service list.

   Executed on February 8, 2007at Los Angeles, California.

[X]    (Federal)    I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

MELINDA C. MONTERO

Exhibit 3  Page 19

# EXHIBIT 4

1   **WESTON & McELVAIN LLP**
    RICHARD C. WESTON, Bar #126491
2   RICHARD C. REY II, Bar #193212
    888 West Sixth Street, 15th Floor
3   Los Angeles, California 90017
    Telephone:  (213) 596-8000
4   Facsimile:  (213) 596-8039
    E-mail:     rweston@wmattorneys.com
5               rrey@wmattorneys.com

6   Attorneys for Defendant
    THE BURLINGTON INSURANCE COMPANY

7

8                   UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  JENNY WOLFES,                      )  CASE NO.  C07 00696 RMW (PVTx)
                                       )
13                  Plaintiffs,        )  **NOTICE OF PRETRIAL DATES
                                       )  AND PROCEDURES SET BY THE
14          vs.                        )  COURT**
                                       )
15  BURLINGTON INSURANCE               )
    COMPANY AND DOES 1 to 25,          )
16  Inclusive,                         )
                                       )
17                  Defendants.        )
                                       )
18  _____   )

19

20

21

22

23

24

25

26

27

28
                                                Exhibit  4  Page 00

                               -1-

    NOTICE OF PRETRIAL DATES AND PROCEDURES SET BY THE COURT

1  TO PLAINTIFF AND HER COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that on April 27, 2007, the above-referenced

3  Court conducted a Case Management Conference and set forth the following pre-

4  trial dates and procedures:

5         1.         **Written Discovery:** The last day to complete written

6                    discovery shall be on July 1, 2007.  The parties shall be

7                    permitted to propound an unlimited amount of document

8                    requests, but may propound no more than 10 interrogatories

9                    each;

10        2.         **Depositions:**  The last day to complete depositions shall be on

11                   September 15, 2007.  Each side shall be permitted 25 hours of

12                   deposition questioning;

13        3.         **Initial Expert Disclosures:** August 17, 2007;

14        4.         **Counter / Supplemental Expert Disclosures:** August 31,

15                   2007;

16        5.         **Motion Hearing Cut-off**: October 26, 2007; and,

17        6.         **Second Case Management Conference**: October 26, 2007 @

18                   10:30 a.m.

19

20

21  Dated:  May 2, 2007              WESTON & McELVAIN LLP

22

23

24                                  By: _____

25                                       Richard C. Rey II
                                    Attorneys for Defendant THE
26                                  BURLINGTON INSURANCE COMPANY

27

28
                                                    Exhibit __4__ Page _21_

                              -2-

NOTICE OF PRETRIAL DATES AND PROCEDURES SET BY THE COURT

## Notices

5:07-cv-00696-RMW Wolfes v. Burlington Insurance Company

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available* .
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at for more information.

The following transaction was received from Rey, Richard Charles entered on 5/2/2007 at 11:25 AM and filed on 5/2/2007
**Case Name:**          Wolfes v. Burlington Insurance Company
**Case Number:**      5:07-cv-696
**Filer:**                  Burlington Insurance Company
**Document Number:** 19

**Docket Text:**
NOTICE by Burlington Insurance Company *of Pretrial Dates and Procedures Set by The Court* (Rey, Richard) (Filed on 5/2/2007)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\mmontero\Desktop\PDF\2007 05 02 IFG091 Ntc of Pretrial Dates.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=5/2/2007] [FileNumber=3413941-0] [
25834a603d5a3bc1c1ce04aa9e8db65e9ad517c752d420f3e0f58022c6a4b195db366a
a62ad22c3ff34629b9f4750afc831149b259b503c262ec0cebf4c4ba5c]]

**5:07-cv-696 Notice will be electronically mailed to:**

David Kraft     DKraft6885@aol.com

Richard Charles Rey , II     rrey@wmattorneys.com, mmontero@wmattorneys.com

Exhibit ____4____ Page ____22____

Richard C. Weston     rweston@wmattorneys.com, kjimenez@wmattorneys.com

**5:07-cv-696 Notice will be delivered by other means to:**

Exhibit____4___Page_23

# EXHIBIT 5

Gerald A. Emanuel (SBN 61049)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

ORIGINAL
FILED
10 PM 2:29
RICHARD W. WIEKING
U.S. DISTRICT COURT

Attorneys for Plaintiff
JENNY WOLFES



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |  |
|---|---|---|
| JENNY WOLFES, | ) | C 07 04657 PVT Case No. |
| Plaintiff, | ) | COMPLAINT FOR BREACH OF |
|  | ) | CONTRACT, BREACH OF COVEN- |
| vs. | ) | ANT OF GOOD FAITH AND FAIR |
|  | ) | DEALING, INTENTIONAL INFLIC- |
| BURLINGTON INSURANCE COMPANY | ) | TION OF EMOTIONAL DISTRESS, |
| AND DOES 1 to 25, inclusive, | ) | NEGLIGENT INFLICTION OF |
|  | ) | EMOTIONAL DISTRESS |
| Defendants. | ) |  |
|  | ) |  |

Comes now Plaintiff and alleges:

1. Jenny Wolfes ("Wolfes") is an individual and at all times relevant to this action, was and is a resident of Santa Clara County, California.

2. Defendant Burlington Insurance Company (hereinafter Burlington) is, and at all times herein mentioned is a foreign insurer existing under the laws of the state of North Carolina. Plaintiff is informed and believes and thereon alleges that Burlington does business in the state of California by issuing and delivering policies of insurances to residents of the state of California through surplus lines brokers pursuant to Insurance Code Section 1760, et. seq. All acts alleged herein occurred in the State of California and Plaintiff brings this matter

1

Exhibit 5 Page 25

subject to the laws of the State of California.

3. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, except that Plaintiff is informed and believes, and upon such information and belief alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint and/or is legally responsible for the wrongful acts alleged herein. Plaintiff therefore sues these Defendants by such fictitious names and will amend this Complaint to allege their true names and capacities when ascertained.  Said DOE Defendants, and each of them, are collectively included in the reference to Defendants.

4. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things alleged below, was acting within the scope of such agency, and that the Defendants have ratified their conduct.

5. In or about June 27, 2004, Defendant Burlington for valuable consideration issued a commercial general liability insurance policy, number 585BW03318, to Big Sky Entertainment III, Inc., hereinafter referred to as the "policy" covering relevant periods during 2004.

6. Plaintiff Jenny Wolfes was at all times mentioned an officer, director, shareholder and employee of Big Sky Entertainment III, Inc., hereinafter referred to as "BSE III". Plaintiff is an insured under the Policy for liabilities covered by the policy arising out of Plaintiff's activities as an officer, director, shareholder and employee of BSE III.

7.  The Policy provides, as set forth below:

A.  The "Personal Injury" and "Advertising Injury" Insurance Agreement provides:

Exhibit _5_ Page _26_

2

1. Insuring Agreement.

"a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured  against any suit seeking those damages."

"b. This insurance applies to "Personal and Advertising injury" caused by an offense arising out of your business but only if the offense was committed in the coverage territory during the policy period."

B. The definition of Personal and Advertising provide:

"d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

8. On or about June 27, 2004 and while the policy was in full force and effect, Wolfes was served with a law suit filed in Santa Clara County Superior Court, Number 104CV025291 entitled *Big Sky Entertainment, III, Inc., individually and dba The Blue Tattoo, James Edward Pope, William G. Leunis III, Robert Simpson vs. Jenny Wolfes.* On September 20, 2005, Wolfes was served with a First Amended Cross-Complaint filed in the same action entitled *William G. Leunis III vs. Jenny Wolfes*. On October 20, 2006, Wolfes was served with the Second Amended Cross-Complaint filed in the same action entitled *William G. Leunis III vs. Jenny Wolfes* hereinafter referred to as the underlying action.

9.  The complaint in underlying action alleges that Plaintiff made telephone calls to interfere with the sale of the assets of BSE III.  The complaint also alleges that Plaintiff took actions that were disruptive of the sale by making accusations about the building and the property. The complaint, inter alia, seeks damages arising from the alleged actions of Plaintiff in making statements and accusations, which interfered with the sale and were disruptive of the sale.

Exhibit __5__ Page _27_

3

10. On October 20, 2005, July 18, 2006, and November 13, 2006 Wolfes tendered to Burlington the complaint and cross-complaint and demanded that pursuant to the policy, Burlington provide a defense on behalf of Wolfes and indemnify her with respect to the complaint and cross-complaint. Defendants subsequently acknowledged the receipt of the tender of the defense.

11. Plaintiff is informed and believes and thereon alleges that Burlington failed to conduct a proper, full and complete investigation of the facts and circumstances giving rise to the claims asserting in the underlining action. Subsequently, Burlington denies the tender of the defense.

12. Plaintiff is informed and believes and thereon alleges that Burlington failed and refused to:

A. Conduct a prompt, full and complete investigation of the claim in addition to those matters alleged in the complaint.

B. Defend their insured from the claims asserted in the underlying action.

C. Indemnify their insured from the claims asserted in the underlying action

D. Conduct any investigating after they rejected the tender of defense into the circumstances surrounding the claims asserted in the underling action.

13. The facts alleged in the underlying action and the information that was available to Burlington at the time of the tender revealed:

A. That there was a potential for liability under the "Personal injury and Advertising injury" coverage in that it is claimed that Plaintiff made telephone calls to interfere with the sale of the assets of BSE III, and that she made accusations which disrupted the sale. That the plaintiffs in the underlying action claimed damages as a result of the

Exhibit __5__ Page __28__

statements and accusations made by Plaintiff and sought to enjoin and restrain Plaintiff from making further statements and accusations.

14.  Plaintiff has performed all of her obligations under the contract identified above, except for those obligations which because of the breach by BURLINGTON, of its obligations, Plaintiff has been excused or prevented from performing.

## FOR A FIRST AND SEPARATE ACTION

### (For Breach of Contract)

As and for a separate and distinct FIRST CAUSE OF ACTION, Plaintiff complains against defendant BURLINGTON, and alleges:

15.  Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 14 herein.

16.  Plaintiff is informed and believes that BURLINGTON breached its obligations under the policy in the following manner:

A. By delaying in making any determination under all potential applicable coverage as to whether or not any defense was owed by BURLINGTON, or any of them, to the plaintiffs for the claims arising out of the underlying action;

B. By failing to conduct a full and complete investigation into the facts and circumstances of the claims asserted against Plaintiff in the underlying action;

C. By failing and refusing to defend Plaintiff from the claims asserted in the underlying action; and,

D. By failing and refusing to indemnify Plaintiff from the claims asserted in the underlying action; and,

E. By doing each of the acts or omissions alleged in paragraph 12.

Exhibit 5 Page 21

17. Plaintiff is informed and believes that BURLINGTON failed and refused to conduct an investigation into the facts and circumstances of the claims asserted against Plaintiff and to provide a defense for her in the underling action. As a result of the breach of contract by BURLINGTON Plaintiff has been damaged, injured and prejudiced. Plaintiff was required to retain counsel to defend herself against the claims asserted against her.

18. As a result of the failure and refusal of BURLINGTON to conduct an investigation and defend Plaintiff, BURLINGTON is estoppded from relying on any subsequently discovered information to support its rejection of Plaintiff's tender of her defense in the underlying action.

19. As a direct and proximate cause of the breach of contract by BURLINGTON of its obligations under the policy Plaintiff has been damages as follows:

A. Plaintiff has been required to retain attorneys and to pay attorney's fees to defend her from the claims in the underling action all in an amount to be proven at trial;

B. General damages in an amount to be proven at trial

20. Plaintiff is informed and believes and thereon alleges that the denial of benefits, as alleged in this complaint, was vexatious and without cause. Pursuant to Insurance Code Section 1619, Plaintiff is entitled to reasonable attorney fees incurred in prosecution this action in an amount to be proven at time of trial

WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

## FOR A SECOND AND SEPARATE ACTION

### (For Breach of the Covenant of Good Faith and Fair Dealing)

Exhibit 5 Page 30

As and for a separate and distinct FIRST CAUSE OF ACTION, Plaintiff complains against defendant BURLINGTON, and alleges:

21. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 20 herein.

22. At all times herein relevant, said BURLINGTON agreed to act in good faith and deal fairly with Plaintiff when it entered into the policy and accepted premiums from Plaintiff. BURLINGTON thereby assumed a special relationship with, and fiduciary obligation to Plaintiff, and agreed to abide by its said duties. Nevertheless, BURLINGTON refused and failed to act in good faith and deal fairly with Plaintiff, and breached said obligations, as is set forth more particularly below.

23. Plaintiff is informed and believes and thereon alleges that BURLINGTON breached the implied covenant of good faith and fair dealing arising out of the policy, in the following respects:

A. By failing to conduct a full and complete investigation into the facts and circumstances of the claims asserted against plaintiff in the underlying action;

B. By unreasonably and narrowly interpreting the policy in manner calculated to deny benefits due Plaintiff under the policy, including refusing to consider or distinguish cited authority which holds that the allegations in the underlying action triggered a duty by BURLINGTON to defend Plaintiff.

C. Burlington unreasonably refused to pay for the cost of the defense in the underling action.

D. BURLINGTON conspired with the William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees in

7

Exhibit 5 Page 31

order gain an unfair advantage, to decrease Leunis' liability, and to dissuade Plaintiff from seeking benefits due her under the policy by unreasonably opposing Plaintiff's motions, all calculated to increase Plaintiff's attorney fees.

E. BURLINGTON conspired with William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees and to decrease the potential liability in order to gain an unfair advantage, to decrease Leunis' liability and dissuade Plaintiff from seeking benefits due her under the policy by refusing to negotiate in good faith with Plaintiff.

24. The denial of benefits claimed by Plaintiff under the policy was done by BURLINGTON without reasonable cause. BURLINGTON knew that a duty to defend was owed to Plaintiff, yet refused to provide a defense. As a direct and proximate result of the unreasonable conduct of BURLINGTON Plaintiff has been required to retain attorneys and to pay attorney's fees to obtain benefits due her under the policy. Plaintiff has suffered emotional distress as a result of the conduct of BURLINGTON.

25. As a result of the tortuous conduct of BURLINGTON, Plaintiff was damaged and injured. Plaintiff is therefore, entitled to recover:

1. Reasonable attorneys fees incurred by Plaintiff in obtaining policy benefits in an amount to be proved at time of trial;

2. Plaintiff is entitled to an award of general damages as compensation for her emotional distress in an amount that is to be proved at the time of trial; and

3. Reasonable attorney's fees incurred by Plaintiff in defending the underlying action.

26. Plaintiff is informed and believes and thereon alleges that BURLINGTON

Exhibit ___5___ Page __32__

intentionally engaged in a course of conduct, which was intended to oppress Plaintiff and to dissuade Plaintiff and her from seeking benefits due to the plaintiff under the policy.  The aforementioned acts of Burlington were willful, wanton, malicious and oppressive, and justify an award of exemplary and punitive damages in an amount not yet ascertainable.

27. BURLINGTON continues to engage in the aforementioned acts, and said conduct and bad faith constitutes a continuing tort and continuing bad faith to Plaintiff causing Plaintiff continuing damage as described herein beyond the date of filing of this action.

WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

### FOR A THIRD AND SEPARATE ACTION

### ( Intentional Infliction of Emotional Distress)

As and for a separate and distinct third CAUSE OF ACTION, Plaintiff complains against defendant BURLINGTON and alleges:

28. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 27 herein.

29. In so doing, BURLINGTON pursued an outrageous course of conduct, intentionally and/or recklessly, proximately causing Plaintiff severe emotional distress, shock and other highly unpleasant emotions.

30. As a further direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has suffered mental and emotional distress, including but not limited to frustration, depression, nervousness and anxiety and has thereby incurred general damages in a sum to be determined according to proof at time of trial.

31. As a further direct and proximate result of the aforementioned conduct of

Exhibit __5__ Page __33__

BURLINGTON, Plaintiff has been obliged to expend or incur liability for costs of suit, attorney fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

32. As a further direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has suffered special damages in an amount according to proof at the time of trial from the lack of availability of said sums to him.

33. The conduct of BURLINGTON as described herein was done willfully, oppressively, maliciously, with conscious disregard of the rights of Plaintiff, and with the intent to annoy, harass or injure Plaintiff such that Plaintiff is entitled to a recovery of exemplary damages.

WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

## FOR A  FOURTH AND SEPARATE CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

As and for a separate and distinct FOURTH CAUSE  OF ACTION, Plaintiff complains against BURLINGTON , and alleges:

34. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 33 herein.

35. At all times herein mentioned, it was foreseeable to BURLINGTON that as a proximate result of its conduct as alleged herein, Plaintiff would be caused to suffer severe emotional distress, shock and other highly unpleasant emotions.

36. As a direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has suffered mental and emotional distress, including but not

Exhibit___5___ Page___34___

limited to frustration, depression, nervousness and anxiety and has thereby incurred general damages in a sum to be determined according to proof at time of trial.

37. As a further direct and proximate result of the aforementioned conduct of BURLINGTON, Plaintiff has been obliged to expend or incur liability for costs of suit, attorney fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

38. As a further direct and proximate result of the aforementioned conduct of defendant BURLINGTON, Plaintiff has suffered special damages in an amount according to proof at the time of trial from the lack of availability of said sums to him.

WHEREFORE, Plaintiff prays judgment against BURLINGTON as follows:

1. For general, special and consequential damages according to proof;

2. For exemplary damages according to proof;

3. For reasonable attorney's fees and costs and related expenses of litigation, according to proof;

4. For reasonable attorney fees and costs and related of litigation expenses incurred in the defense of underling action

5. For interest according to proof; and

6. For such other and further relief as the court deems proper.

Dated: 9-10-07

GERALD A. EMANUEL
Attorney for Plaintiff

Exhibit 5 page 35

11

*PROOF OF SERVICE*
*Jenny Wolfes v. Burlington Insurance Company*
*USDC, Northern District Case No.C07 04657 JW*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

On November 7, 2007, I served the foregoing document described as: **DEFENDANT BURLINGTON INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS** on all parties as indicated below:

Gerald Emanuel
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

[X]    by placing the true copies thereof enclosed in sealed envelopes addressed as stated above.

[X]    **BY MAIL** as follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[_]    BY FACSIMILE    I sent such document from facsimile machine (213) 596-8039 on November 7, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed on the attached service list.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 7, 2007,** at Los Angeles, California

Patricia De La Cruz

-1-
SERVICE LIST
*USDC, Northern District Case No.C07 04657 JW*