1  **WESTON & McELVAIN LLP**
   RICHARD C. WESTON, Bar #126491
2  RICHARD C. REY II, Bar #193212
   888 West Sixth Street, 15th Floor
3  Los Angeles, California 90017
   Telephone: (213) 596-8000
4  Facsimile: (213) 596-8039
   E-mail:    rweston@wmattorneys.com
5             rrey@wmattorneys.com

6  Attorneys for Defendant
   **THE BURLINGTON INSURANCE**
7  **COMPANY (erroneously sued as**
   **Burlington Insurance Company)**
8

9                    UNITED STATES DISTRICT COURT
10              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                          SAN JOSE DIVISION
12

13 | JENNY WOLFES,                    ) CASE NO. C07 04657 JW
14 |                 Plaintiffs,      )
15 |     vs.                          ) **DEFENDANT THE BURLINGTON**
                                      ) **INSURANCE COMPANY'S**
                                      ) **NOTICE OF MOTION AND**
                                      ) **MOTION TO STRIKE**
16 | BURLINGTON INSURANCE             ) **ALLEGATIONS OF AND PRAYER**
   | COMPANY AND DOES 1 to 25,        ) **FOR PUNITIVE DAMAGES**
17 | inclusive,                       )
                                      ) Date:  January 28, 2008
18 |                 Defendants.      ) Time:  9:00 a.m.
                                      ) Ctrm:  8
19                                    )
                                      )
20                                    ) *[Filed Concurrently with Burlington's*
                                      ) *Notice of Motion and Motion to*
21                                    ) *Dismiss]*

-1-

TO THE COURT, PLAINTIFF AND HER COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that on January 28, 2008 at 9:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 5 of the above-entitled court, located at 280 South First Street, 4th Floor, San Jose, California 95418, before the Honorable James Ware, Defendant THE BURLINGTON INSURANCE COMPANY ("Defendant") will move this Court to strike the allegations of and prayer for punitive damages contained in the Complaint filed by Plaintiff Jenny Wolfes ("Plaintiff") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

This Motion is based upon the attached Memorandum of Points & Authorities, the Complaint, the Court's own file in this action and any further argument as may be considered by the Court in ruling on this Motion.

Dated: November 7, 2007        WESTON & McELVAIN LLP

By: _____
Richard C. Weston
Richard C. Rey II
Attorneys for Defendant THE
BURLINGTON INSURANCE COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff's Second Cause of Action in her suit against Burlington is for Breach of the Covenant of Good Faith and Fair Dealing and her Third Cause of Action is for Intentional Infliction of Emotional Distress. Pursuant to these claims, Plaintiff seeks an award of punitive damages. A review of the underlying allegations, however, reveals that she has completely failed to allege any facts which could reasonably be construed as malice, oppression, or fraud within the meaning of and as required by *California Civil Code* § 3294(c).

By way of this Motion, therefore, Burlington seeks an order striking the following allegations of Plaintiff's Complaint:

> *Paragraph 26:* "Plaintiff is informed and believes and thereon alleges that BURLINGTON intentionally engaged in a course of conduct, which was intended to oppress Plaintiff and to dissuade plaintiff and her [sic] from seeking benefits due to her under the policy. The aforementioned acts were willful, wanton, malicious and oppressive, and justify an award of punitive and exemplary damages in an amount not yet ascertainable."
>
> *Paragraph 33:* "The conduct of BURLINGTON as described herein was done willfully, oppressively, maliciously, with conscious disregard of the rights of plaintiff, and with the intent to annoy, harass or injury Plaintiff such that Plaintiff is entitled to a recovery of exemplary damages."

Likewise, this Order should also strike Plaintiff's prayer for punitive damages.

## III. LEGAL STANDARD.

Before responding to a pleading, a party may move to **strike** any "redundant, immaterial, impertinent or scandalous matter." See Rule 12(f) of the Federal Rules of Civil Procedures. The Ninth Circuit has provided the following guidance regarding **motions** to strike: "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." "'Immaterial' matter is that which

has no essential or important relationship to the claim for relief or the defenses being pleaded." "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd. on other grounds in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534-535 (1994). A motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. See Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir. 1974); Arcilla v. Adidas Promotional Retail Operations, Inc., 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007). In determining a motion to strike, a district court must view the pleadings in the light most favorable to the pleader. See, e.g, Taylor v. Quall, 471 F. Supp. 2d 1053, 1059 (C.D. Cal. 2007),

### III. PLAINTIFF'S ALLEGATIONS OF PUNITIVE DAMAGES SHOULD BE STRICKEN.

#### A. An Award Of Punitive Damages Must Be Based On A Finding Of Malice, Oppression, Or Fraud.

California Civil Code § 3294(c) authorizes punitive or exemplary damages only in cases where clear and convincing evidence shows that the defendant acted with "oppression, fraud or malice." This section defines those terms as follows:

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with

>the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294. Notably, the California Legislature amended this code section in 1987, heightening the standard to require a showing of despicable conduct. "Despicable conduct" is defined as conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked upon and despised by ordinary decent people." BAJI No. 14.72.1 (1989 rev.); Mock v. Michigan Millers Mut. Ins. Co., 4 Cal. App. 4th 306, 331 (1992); Stewart v. Truck Ins. Exch., 17 Cal.App.4th 468 (1993).

### B. Conclusory Allegations of Malice And Oppression Are Insufficient To Plead Entitlement To Punitive Damages.

Punitive damages are disfavored in California. In Woolstrum v. Mailloux, 141 Cal. App. 3d Supp. 1 (1983), the court emphasized that: "The law does not favor the imposition of punitive damages. They should only be allowed in the 'clearest of cases.'" Id. at 9. Consequently, it is well established that in pleading punitive damages, specific facts must be alleged in order to afford the opposing party with adequate notice of the kind of conduct charged against him. See Blegen v. Superior Court, 125 Cal. App. 3d 959, 962-63 (1981); Brousseau v. Jarrett, 73 Cal.App.3d 864, 872 (1977); Cyrus v. Haveson, 65 Cal. App. 3d 306, 317 (1976). A conclusory characterization of defendant's conduct as, for example, "intentional, willful, and fraudulent" is insufficient to state a cause of action for the recovery of punitive damages. Brousseau, supra, 73 Cal.App.3d at 872.

In Brousseau, for example, the appellate court affirmed the trial court's decision to sustain a demurrer to a cause of action which sought an award of punitive damages based on the following allegations: "intentionally, willfully, fraudulently and with a wanton, reckless disregard of the possible injuries [sic]

consequences . . . and as a result of . . . said intentional, willful, wanton, reckless, oppressive and fraudulent conduct, plaintiff is entitled to exemplary damages. . . ." Id. at 869. In ruling on the adequacy of these allegations, the appellate court held that:

> **"the second count's conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of 'oppression, fraud, or malice, express or implied,' within the meaning of section 3294."**

Id. at 872 (citations omitted) (emphasis added); see Smith v. Superior Court, 10 Cal. App. 4th 1033 (1992) (trial court ordered to strike plaintiff's punitive damage allegations where the complaint failed to demonstrate that defendants acted with oppression, fraud or malice). In other words, "[n]ot only must there be circumstances of oppression, fraud or malice, but facts must be alleged in the pleading to support such a claim." Grieves v. Superior Court, 157 Cal. App. 3d 159, 166 (1984) (citations omitted).

The same is equally true with respect to prayers for punitive damages against insurers. The mere allegation that an insurer has breach the implied covenant of good faith and fair dealing is not sufficient to warrant an award of punitive damages. Patrick v. Maryland Casualty Co., 217 Cal. App. 3d 1566, 1575 (1990) (finding that even if an insurer's conduct was unreasonable and in bad faith, it does not mean that the insurer acted with the requisite intent and malice for a finding of punitive damages [citations omitted]); Silberg, 11 Cal. 3d at 462; Mock, 4 Cal. App. 4th at 328. Likewise, the denial of benefits in itself cannot provide the requisite reprehensibility warranting punitive damages. Pacific Group v. First State Ins. Co., 841 F.Supp. 922, 939 (N.D. Cal. 1993), reversed on other grounds, 62 F.3d 1425, redesignated as opinion, 70 F.3d 524; Barto v. Allstate Ins. Co., 1997 U.S. Dist LEX 16170 *9-12 (S.D. Cal. 1997) (striking claim for punitive damages that lacked the requisite factual specificity); Tomaselli v. Transamerica Ins. Co., 25 Cal.App.4th 1269 (1994).

The Court in Mock, supra, at 329-330, went one step further and explained that "what was required was a consistent and unremedied pattern of egregious insurer practices [citation omitted] in order for the insurer's 'bad faith' conduct to rise to the level of malicious disregard of the insured's rights so as to warrant the imposition of punitive damages." Quoting Patrick v. Maryland, supra, at 1576.

### C. Plaintiff Does Not Plead Sufficient Specific Facts To Support A Claim For Punitive Damages Pursuant To Her Second Cause of Action.

Based on the above legal authorities, Plaintiff's claim for punitive damages should be stricken. Her Complaint does not contain any facts which demonstrate that Burlington acted with malice, oppression and/or fraud. Plaintiff simply alleges that Burlington failed to conduct a full and complete investigation of her claim, and that its interpretation of the policy was unreasonable and narrow. [Complaint at ¶¶ 16-17 (emphasis added).] As mentioned above, standing alone, such allegations do not establish the requisite intent to injure plaintiff necessary to support an award of punitive damages. See Silberg v. California Life Ins. Co., 11 Cal. 3d 452, 462-63 (1974); Beck v. State Farm Mutual Auto. Ins. Co., 54 Cal. App. 3d 347, 355 (1976). Nor do such allegations rise anywhere close to the level of "egregious insurer practices" present in the Mock and Patrick decisions. Accordingly, paragraphs 26 and 33 as well as Plaintiff's prayer for punitive damages should be stricken.

///
///
///

## IV. CONCLUSION.

For each of the foregoing reasons, Defendant The Burlington Insurance Company respectfully requests that this Court strike the aforementioned portions of Plaintiff's Complaint.

Dated: November 7, 2007

WESTON & McELVAIN LLP

By: _____
Richard C. Weston
Richard C. Rey II
Attorneys for Defendant THE
BURLINGTON INSURANCE COMPANY

## PROOF OF SERVICE
### Jenny Wolfes v. Burlington Insurance Company
### USDC, Northern District Case No.C07 04657 JW

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

On November 7, 2007, I served the foregoing document described as: **DEFENDANT BURLINGTON INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS OF AND PRAYER PUNITIVE DAMAGES** on all parties as indicated below:

Gerald Emanuel
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

[X]  by placing the true copies thereof enclosed in sealed envelopes addressed as stated above.

[X]  **BY MAIL** as follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[_]  BY FACSIMILE   I sent such document from facsimile machine (213) 596-8039 on November 7, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed on the attached service list.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 7, 2007**, at Los Angeles, California

_Patricia De La Cruz_
Patricia De La Cruz

-1-
### SERVICE LIST
### USDC, Northern District Case No.C07 04657 JW