1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WESTON & McELVAIN LLP**
RICHARD C. WESTON, Bar #126491
AARON C. AGNESS, Bar #221943
888 West Sixth Street, 15th Floor
Los Angeles, California 90017
Telephone:  (213) 596-8000
Facsimile:  (213) 596-8039
E-mail:      rweston@wmattorneys.com
             aagness@wmattorneys.com

Attorneys for Defendant
THE BURLINGTON INSURANCE COMPANY
(erroneously sued and served as BURLINGTON
INSURANCE COMPANY)

**HINKLE, JACHIMOWICZ, POINTER &
EMANUEL**
GERALD A. EMANUEL, Bar #61049
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone:  (408) 246-5500
Facsimile:  (408) 246-1051
E-mail:      gemanuel@hinklelaw.com

Attorneys for Plaintiff
JENNY WOLFES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNY WOLFES, | ) CASE NO. C07 04657 JW |
| Plaintiffs, | ) **JOINT CASE MANGEMENT STATEMENT** |
| vs. | ) |
| BURLINGTON INSURANCE COMPANY AND DOES 1 to 25, Inclusive, | ) |
| Defendants. | ) |

The parties to the above-entitled action jointly submit this Case

Management Statement and request the Court to adopt it as its Case Management

Order in this case.

-1-

1.    **Jurisdiction and Service.**

The Court's subject matter jurisdiction is based on diversity jurisdiction. The only defendant named by plaintiff Jenny Wolfes ("Wolfes") in this action is The Burlington Insurance Company, erroneously sued as Burlington Insurance Company ("Burlington"), which has been served. Wolfes has a related action against Burlington also pending in the Northern District of California, Case No. C07 00696 RMW (PVTx) (hereinafter "Preceding Related Action"). Burlington has filed a motion to dismiss the above-captioned matter on the ground that it is improperly duplicative of the Preceding Related Action. Burlington's motion to dismiss is set to be heard on January 28, 2008. Wolfes seeks to have the above-captioned matter consolidated with the Preceding Related Action.

2.    **Facts.**

a.   Underlying Action.

On or about August 18, 2004, Big Sky Entertainment III, Inc. ("Big Sky"), James Edward Pope, William G. Leunis III and Robert Simpson (collectively "Underlying Plaintiffs") filed an action against Jenny Wolfes ("Wolfes") in the Superior Court of the State of California for the County of Santa Clara ("Underlying Action"). In the Underlying Action, the Underlying Plaintiffs assert the following four causes of action against Wolfes:  1) Injunctive Relief, 2) Conversion, 3) Breach of Fiduciary Duty, and 4) Interference with Prospective Economic Advantage. Burlington was not named in Underlying Action.

The pertinent allegations in the Underlying Action are as follows. Big Sky is a California Corporation that also does business as "The Blue Tattoo" restaurant and bar. On or about July 8, 2004, Big Sky alleges that it entered into a management agreement with a third party to run The Blue Tattoo. Big Sky further alleges that this third party later expressed an interest in buying the restaurant.

On July 19, 2004, Mr. Pope advised the board of directors for Big Sky that the above third party might be willing to purchase Big Sky's assets for between

JOINT CASE MANAGEMENT STATEMENT

1  $300,000 and $350,000. Big Sky alleges that all directors were in favor of

2  pursuing this opportunity except for Wolfes. In fact, Wolfes allegedly stated to

3  Mr. Leunis that she would do "everything in her power" to stop the sale. As a

4  result, the directors voted to terminate Wolfes without cause from her employee

5  and officer positions with the company.

6      On or about July 21, 2004, "[the Underlying Plaintiff] heard from reliable

7  sources that Wolfes had made telephone calls to interfere with the sales

8  transaction." Big Sky contends that, in the evening of July 21, 2004, the third

9  party buyer gave notice that it wanted to back out of the purchase and that Big Sky

10  would have to make significant concessions in order to keep the buyer interested.

11      On July 23, 2004, the board of directors conducted a meeting and a

12  resolution was passed to sell to the buyers on certain terms and conditions. On

13  August 4, 2004, Wolfes gave notice that she voted her shares against the

14  resolution and, thereafter, allegedly continued to take actions to disrupt the sale.

15  According to the Complaint in the Underlying Action, Wolfes solicited employees

16  to stop working for the company; made accusations about building at the property

17  without knowing all the facts; made unauthorized contact with the San Jose

18  Planning Commission and other agencies for the purpose of interfering with the

19  sale; and made demands to review corporate records when it was impossible for

20  Big Sky to comply.

21      In addition, the complaint states that Wolfes stole approximately $15,000

22  from the cash assets of Big Sky.

23      b.     The Preceding Related Action.

24      On February 2, 2007, Wolfes filed an action against Burlington in the

25  Superior Court of the State of California for the County of Santa Clara. This

26  Complaint contains one claim for Declaratory Relief, in which Wolfes seeks a

27  declaration that Burlington owes Wolfes a duty to defend and indemnify her in the

28  Underlying Action. Specifically, Wolfes alleges that on or about June 27, 2004,

JOINT CASE MANAGEMENT STATEMENT

1   Burlington issued a commercial general liability policy to Big Sky, Policy No.

2   585BW03318.  Wolfes contends that she was "an insured under the policy."  Also

3   on June 27, 2004, Wolfes alleges that she was served with the Complaint in the

4   Underlying Action.  Wolfes then "tendered the complaint" to Burlington and,

5   pursuant to the policy, allegedly demanded that Burlington defend and indemnify

6   her with respect to the Underlying Action.

7        Burlington, however, declined to do so.  According to the Complaint in the

8   Preceding Related Action, Burlington's position is that "Wolfes was not an

9   insured" under the policy, that the statements made by her were not made in her

10  capacity "as an officer, director or employee of Big Sky Entertainment, III" and

11  that no coverage exists for the causes of action asserted in the Underlying Action.

12  Wolfes disputes these allegations and, therefore, "desires a judicial determination

13  of her rights under the policy and declaration as to which party's contentions is

14  correct."

15       On March 2, 2007, Burlington removed this action to the United States

16  District Court for the Northern District of California, on the basis of diversity

17  jurisdiction.

18       c.    The Above-Captioned Breach of Contract Action.

19       Despite the fact that the Preceding Related Case is pending, Wolfes filed a

20  related action against Burlington for breach of contract, bad faith, intentional

21  infliction of emotional distress, and negligent infliction of emotional distress.

22  This related action is the one referenced in the caption, Case No. C07 04657 JW.

23       d.    Principal Factual Issues.

24       The principal factual issues that are currently in dispute include, but are not

25  limited to, the following:

26            (i)    Whether Wolfes' position as a director, officer and employee

27                   of Big Sky III terminated on or about July 19, 2004;

28            (ii)   Whether Wolfes was acting in her capacity as an officer,

JOINT CASE MANAGEMENT STATEMENT

employee, or director of Big Sky III at the time she committed the acts alleged in the Underlying Action; and

    (iii)    Whether the facts alleged in the Underlying Action constitute a personal or advertising injury as defined in Burlington's Policy.

**3.    Legal Issues.**

The principal legal issues in dispute are:

    (i)    Whether Burlington has a duty to defend Wolfes in the Underlying Action;

    (ii)    Whether Burlington has a duty to indemnify Wolfes in the Underlying Action;

    (iii)    Whether Burlington acted in good faith;

    (iv)    Whether Wolfes can sustain a cause of action for intentional infliction of emotional distress against Burlington; and

    (v)    Whether Wolfes can sustain a cause of action for negligent infliction of emotional distress against Burlington.

**4.    Motions.**

Burlington's Motion to Dismiss the above-captioned action is set to be heard on January 28, 2008. Burlington's Motion to Strike Allegations of and Prayer for Punitive Damages is also scheduled to be heard on January 28, 2008.

On or about December 12, 2008, Wolfes filed an Administrative Motion to Consider Whether Cases should be Related.

There are no other motions pending at this time. Both parties are considering filing a summary judgment motion if this action is not dismissed.

**5.    Amendment of Pleadings.**

Neither party anticipates adding or dismissing parties, claims, or defenses at this time. The parties propose that the deadline for amending the pleadings be April 1, 2008.

JOINT CASE MANAGEMENT STATEMENT

**6.    Evidence Preservation.**

There is no indication that either party is taking any steps that would undermine evidence preservation.

**7.    Disclosures.**

The parties timely served initial disclosures in the Preceding Related Action. The parties will exchange initial disclosures in this action on January 14, 2008, which is in compliance with Federal Rules of Civil Procedure, Rule 26.

**8.    Discovery.**

There has not been any discovery taken to date in the above-captioned matter. However, some discovery has been conducted in the Preceding Related Action. In addition, the parties are working on the scheduling of Ms. Wolfes' deposition. Burlington also intends to depose Mr. Leunis.

Substantial discovery is necessary in this action. The parties anticipate that experts will be retained by both parties, such that expert discovery will need to be conducted as well.

The parties propose the following discovery plan:

(i)    The parties do not currently see any reason to change the timing, form, or requirement for disclosures under Rule 26(a). Disclosures under Rule 26(a)(1) will be made on January 14, 2008.

(ii)    Discovery will be needed on the factual and legal issues described above. This will include depositions of parties to the Underlying Action and parties alleged in the Complaint in the Underlying Action. Discovery should be completed by July 1, 2008 and should not be conducted in phases or be limited to or focused upon particular issues.

(iii)    At this time, there does not appear to be any issues relating to disclosure or discovery of electronically stored information.

(iv) At this time, there does not appear to be any issues relating to claims of privilege or of protection as trial-preparation material.

(v) At this time, it does not appear that any changes should be made in the limitations on discovery imposed under these rules or by local rules.

(vi) At this time, it does not appear that there should be any other orders that should be entered by the court.

**9.    Class Action.**

This is not a class action.

**10.    Related Cases.**

As set forth above, there is a Related Case pending before the Northern District of California.  It is Case No. C07 00696 RMW (PVTx).

**11.    Relief.**

Wolfes' damages to date are her costs and attorneys' fees incurred in the Underlying Action.  Wolfes seeks extra-contractual damages in the amount of $100,000.  To date, this allegedly totals approximately $280,000.

Burlington does not seek any affirmative relief at this time.  Burlington further contends that it owes no duty to defend Wolfes in the Underlying Action and even assuming *arguendo* that "liability is established," there is no basis for Wolfes to receive extra-contractual damages.

**12.    Settlement and ADR.**

The parties are currently working on setting up a global mediation before a private mediator that would also include parties from the Underlying Action.  In the event a global mediation becomes impracticable, the parties intend to mediate with a private mediator.

///

///

**13.    Consent to Magistrate Judge for all Purposes.**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References.**

The case is not suitable for reference to binding arbitration, a special master, or other Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**

In the event this Court does not dismiss this action on or about January 28, 2008 as being improperly duplicative, Burlington will stipulate to the consolidation of this case with the Preceding Related Case.  However, any consolidation should not preclude a hearing on the remainder of Burlington's motion to dismiss (i.e., the motion alternatively seeks to dismiss certain causes of action) or its motion to strike punitive damages.

**16.    Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling.**

The parties propose the following dates:

       (i)    Designation of Experts:  May 30, 2008

       (ii)    Discovery Cutoff: July 15, 2008

       (iii)    Hearing of Dispositive Motions:  August 8, 2008

       (iv)    Pretrial Conference:  September 11, 2008

       (v)    Trial:  September 22, 2008

**18.    Trial.**

The case will be tried to a jury and is expected to last 5-7 days.

**19.    Disclosure of Non-party Interested Entities or Persons.**

The parties are currently unaware of any interested entities or persons.

///

-8-

**20.    Other Matters.**

As set forth above, Burlington has moved to dismiss the above-captioned action on the ground that it is improperly duplicative of the Preceding Related Action. In the event Burlington's motion to dismiss is denied, Burlington agrees that the two actions should be consolidated because they are related. However, Burlington has also alternatively moved to dismiss certain causes of action and concurrently moved to dismiss punitive damages, the merits of which should be preserved if the matters are consolidated.

In addition, the deadline to conduct discovery in the Preceding Related Case has expired. Thus, if the cases are consolidated, discovery will have to be re-opened so that the parties can conduct discovery relating to Wolfes' claims for breach of contract, bad faith, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Dated: January 4, 2008                    WESTON & McELVAIN LLP

By: _____
    Richard C. Weston
    Aaron C. Agness
Attorneys for Defendant
THE BURLINGTON INSURANCE
COMPANY

Dated: January 4, 2008                    HINKLE, JACHIMOWICZ, POINTER &
                                          EMANUEL

By _____
    Gerald A. Emanuel
    Patrick Stokes
Attorney for Plaintiff
JENNY WOLFES

-9-

*PROOF OF SERVICE*
*Jenny Wolfes v. Burlington Insurance Company*
*USDC, Northern District Case No.C07 00696*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

      On **January 7, 2008**, I served the foregoing document described as: **JOINT CASE MANAGEMENT STATEMENT** on all parties as indicated below:

Gerald Emanuel
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

[X]    by placing the true copies thereof enclosed in sealed envelopes addressed as stated above.

**[X]**    **BY MAIL** as follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

**[ ]**    **BY FEDERAL EXPRESS:**    I caused said envelope to be delivered to a courier authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person to whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service.

[ ]    BY FACSIMILE  I sent such document from facsimile machine (213) 596-8039 on January 7, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed on the attached service list.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on **January 7, 2008,** at Los Angeles, California

*SHARON POLK*

-1-