1 | **HINKLE, JACHIMOWICZ, POINTER & EMANUEL**
GERALD A. EMANUEL, Bar#61049
2 | 2007 West Hedding Street, Suite 100
San Jose, CA 95128
3 | Telephone:   (408) 246-5500
Facsimile:    (408) 246-1051
4 | E-mail:gemanuel@hinklelaw.com

Attorneys for Plaintiff
JENNY WOLFES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| JENNY WOLFES, | ) CASE NOS.   C07 00696 RMW |
|---|---|
| Plaintiff, | )                        C07 04657 RMW |
| vs. | ) **MOTION TO CONSOLIDATE CASES;** |
| BURLINGTON INSURANCE COMPANY | ) **MEMORANDUM OF POINTS AND** |
| AND DOES 1 to 25, Inclusive, | ) **AUTHORITIES IN SUPPORT** |
|  | ) **(Fed. R. Civ. P. 42(a))** |
| Defendants. | ) |
|  | ) **Hearing Date:**   March 14, 2008 |
|  | ) **Hearing Time:**   9:00 a.m. |
|  | ) **Judge:**   Hon. Ronald M. Whyte |
| JENNY WOLFES, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BURLINGTON INSURANCE COMPANY | ) |
| AND DOES 1 to 25, Inclusive, | ) |
| Defendants. | ) |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on March 14, 2008, at 9:00 a.m., or as soon thereafter as counsel may be

-1-

MOTION TO CONSOLIDATE CASES

heard, in Room 6 of the United States Courthouse, located at 280 S. First street, San Jose, California, Plaintiff Jenny Wolfes ("Wolfes"), through counsel, will and does request that, pursuant to Federal Rule of Civil Procedure 42(a), this Court consolidate the above-captioned actions.

## RELIEF SOUGHT

Wolfes seeks, by this motion, that the court consolidate the above-captioned actions for both pre-trial and trial purposes.

## GROUNDS FOR RELIEF

Consolidation of the above-captioned actions is proper and warranted because:

1. The common questions of fact presented by each of the above-captioned actions involve:
   a. the circumstances surrounding the underlying state court action Big Sky Entertainment III, Inc. et al. v. Jenny Wolfes (the Underlying Action");
   b. the circumstances surrounding Burlington's refusal to defend Wolfes in the Underlying Action.
2. The common legal question presented by each of the above-captioned actions involves whether Burlington had a duty to defend Wolfes in the Underlying Action under the terms of The Burlington Insurance Company ("Burlington") Commercial General Liability Policy Number 585BW03318 ("the Policy").
3. Consolidation of the above-captioned actions will expedite the resolution of both actions because:
   a. it will eliminate duplicate written and deposition discovery in the two actions;
   b. it will eliminate duplicate pretrial preparation and presentation of evidence; and
   c. it will avoid the possibility of inconsistent results from two actions.
4. There is no possibility that the jury will be confused by consolidation of the above-captioned actions in a single action.
5. Consolidation will not unduly delay the trial of either of the above-captioned actions because:
   a. they are currently in similar stages of trial readiness and at comparable stages in

      the pretrial process;

    b. the only appreciable difference between these actions, with regard to trial readiness, is that written discovery has been completed in the lower-numbered action; and

    c. consolidation of these action will not necessitate re-opening of written discovery in the lower-numbered action.

## RECORD SUPPORTING THE MOTION

This motion will be based on the accompanying Declaration of Patrick C. Stokes, the attached Memorandum of Points and Authorities, and the pleadings and papers on file in this action.

Dated:  February 6, 2008        HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By:   /s Gerald A. Emanuel  
Gerald A. Emanuel  
Attorney for Plaintiff  
JENNY WOLFES

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Wolfes requests that the Court, in the interests of justice, consolidate the above-captioned actions.  Consolidation is especially warranted in this case, as the two actions involve the same parties and significantly overlap with regard to factual and legal issues.  Burlington has filed a motion to dismiss the higher-numbered action on the ground that it is "duplicative" of the lower-numbered action.  Wolfes respectfully requests that, rather than handing Burlington a purely procedural victory with regard to the higher-numbered action, the Court consolidate these actions.

**II.   STATEMENT OF FACTS**

On August 17, 2004, Big Sky Entertainment III, Inc. ("Big Sky III"), James Edward Pope ("Pope"), William Leunis III ("Leunis"), and Robert Simpson ("Simpson") filed the Underlying Action.  The complaint in the Underlying Action ("the Underlying Complaint") alleged various acts on the part of Wolfes that constituted, in the minds of the plaintiffs, Conversion, Breach of Fiduciary Duty, and Interference With Prospective Economic Advantage.

On October 20, 2005, Ms. Wolfes' tendered the defense of the Underlying Action to Burlington.  On November 1, 2005, only eight business days later, Burlington disclaimed coverage and refused to provide a defense.

On December 6, 2006, Wolfes filed the lower-numbered action in the Superior Court of California, County of Santa Clara, seeking a judicial determination of the obligation of Burlington to defend her with regard to the Underlying Action.  Burlington removed the lower-numbered action to the Northern District of California on February 2, 2007.

On September 10, 2007, Wolfes filed the higher-numbered action in the Northern District of California.  The higher-numbered action asserts claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress against Burlington.  The complaint in the higher-numbered action alleges that these causes of action stem from: 1) Burlington's continuing unjustifiable refusal to defend Wolfes; and 2) Burlington's collusion with the

plaintiffs in the Underlying Action.

On January 7, 2008, the Court determined that the higher-numbered and lower-numbered actions were related pursuant to Civil L.R. 3-12. Accordingly, the higher-numbered action was reassigned to this Court.

### III.    LEGAL ARGUMENT

Rule 42(a) of the F.R.Civ.P. provides, inter alia, that a court may order the consolidation of actions pending before it when such actions involve a common question of law or fact, or when consolidation may tend to avoid unnecessary costs or delay. A court has broad discretion to order consolidation if, under the circumstances, such consolidation will foster clarity, efficiency and the avoidance of confusion and prejudice. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990). Typically, consolidation is favored. See Perez-Funez v. INS, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (citing Ikerd v. Lapworth, 435 F.2d 197, 204 (7th Cir. 1970).

Rule 42(a) of the Federal Rules of Civil Procedure provides that: "When actions involving a common question of law or fact are pending before the Court, . . . it may order all actions consolidated . . . " This Court has broad discretion to order consolidation if, under the circumstances, such consolidation will foster clarity, efficiency and the avoidance of confusion and prejudice. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990). Where the criteria for consolidation exist, it is favored.

**A. Consolidation of the Above-Captioned Actions Will Serve the Purpose of Rule 42(a)**

The above-captioned actions involve several common questions of law and fact. As to questions of fact, both actions involve the circumstances of the Underlying Action and Burlington's refusal to defend Wolfes therein. As to questions of law, both actions involve the basic question of whether Burlington owed a duty to defend Wolfes in the Underlying Action.

The purposes of Rule 42 will be served by consolidation of these actions. By relating these two actions, the Court has already determined that, in the words of Civil L.R. 3-12, "it appears likely that there will be an unduly burdensome duplication of labor and expense or

conflicting results if the cases are conducted before different Judges." Likewise, consolidation of the above-captioned actions will expedite the resolution of both actions and promote efficiency by eliminating overlapping discovery, duplicate pre-trial preparation, and the possibility of inconsistent results.

### B. Consolidation will not Result in Confusion of the Jury, Appreciable Delay, or Prejudice

None of the drawbacks that normally militate against consolidation are present in this case. Because the two actions involve the same parties, there is no possibility that the jury will be confused by multiplication of parties. The factual issues of the lower-numbered action are virtually a subset of those in the higher-numbered action, so there is no possibility that a jury will be confused by multiplication of issues. Also, consolidation will not unduly delay the trial of either of the above-captioned actions because the two actions are in virtually the same stage of trial readiness. The only appreciable difference between the actions, with regard to trial readiness, is that written discovery has been completed in the lower-numbered action. However, because the written discovery in the lower-numbered action is basically a sub-set of that required in the higher numbered action, consolidation will expedite the resolution of the higher-numbered action.

## IV. CONCLUSION

Because consolidation of the above-captioned will serve the purpose of Rule 42 and will not result in confusion, delay, or prejudice, Wolfes respectfully requests that the Court consolidate these actions for both pre-trial and trial purposes.

Dated:   February 6, 2008            HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By:   /s Gerald A. Emanuel
Gerald A. Emanuel
Attorney for Plaintiff
JENNY WOLFES