**HINKLE, JACHIMOWICZ, POINTER & EMANUEL**
GERALD A. EMANUEL, Bar#61049
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone:   (408) 246-5500
Facsimile:    (408) 246-1051
E-mail: gemanuel@hinklelaw.com

Attorneys for Plaintiff
JENNY WOLFES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNY WOLFES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BURLINGTON INSURANCE COMPANY AND DOES 1 to 25, Inclusive,<br><br>　　　　　Defendants.<br>_____<br>JENNY WOLFES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BURLINGTON INSURANCE COMPANY AND DOES 1 to 25, Inclusive,<br><br>　　　　　Defendants.<br>_____ | CASE NOS.   C07 00696 RMW<br>　　　　　　　　　C07 04657 RMW<br><br>**DECLARATION OF GERALD A. EMANUEL IN SUPPORT OF MOTION TO CONSOLIDATE CASES** |

I, Patrick C. Stokes, declare as follows:

1.　　I, Gerald A. Emanuel, am an attorney with the law firm of Hinkle, Jachimowicz, Pointer & Emanuel, counsel for Plaintiff, Jenny Wolfes ("Wolfes"), in the above-captioned

-1-

DECLARATION OF GERALD A. EMANUEL IN SUPPORT OF MOTION TO CONSOLIDATE CASES

...

actions.

2. I am over the age of 18 years, and I have personal knowledge of the facts set forth below and, if called upon to testify on such matters, I would and could do so competently.

3. The common questions of fact presented by each of the above-captioned actions involve:

   a. the circumstances surrounding the underlying state court action *Big Sky Entertainment III, Inc. et al. v. Jenny Wolfes* (the Underlying Action");

   b. the circumstances surrounding Burlington's refusal to defend Wolfes in the Underlying Action.

4. The common legal question presented by each of the above-captioned actions involves whether Burlington had a duty to defend Wolfes in the Underlying Action under the terms of The Burlington Insurance Company ("Burlington") Commercial General Liability Policy Number 585BW03318 ("the Policy").

5. Consolidation of the above-captioned actions will expedite the resolution of both actions because:

   a. it will eliminate duplicate written and deposition discovery in the two actions;

   b. it will eliminate duplicate pretrial preparation and presentation of evidence; and

   c. it will avoid the possibility of inconsistent results from two actions.

6. There is no possibility that the jury will be confused by consolidation of the above-captioned actions in a single action.

7. Consolidation will not unduly delay the trial of either of the above-captioned actions because:

   a. they are currently in similar stages of trial readiness and at comparable stages in the pretrial process;

   b. the only appreciable difference between these actions, with regard to trial readiness, is that written discovery has been completed in the lower-numbered action; and

   c. consolidation of these action will not necessitate re-opening of written discovery in the lower-numbered action.

DECLARATION OF GERALD A. EMANUEL IN SUPPORT OF MOTION TO CONSOLIDATE CASES

8. On August 17, 2004, Big Sky Entertainment III, Inc. ("Big Sky III"), James Edward Pope ("Pope"), William Leunis III ("Leunis"), and Robert Simpson ("Simpson") filed the Underlying Action.

9. The complaint in the Underlying Action ("the Underlying Complaint") alleged various acts on the part of Wolfes that constituted, in the minds of the plaintiffs, Conversion, Breach of Fiduciary Duty, and Interference With Prospective Economic Advantage.

10. On October 20, 2005, Ms. Wolfes' tendered the defense of the Underlying Action to Burlington.

11. On November 1, 2005, only eight business days later, Burlington disclaimed coverage and refused to provide a defense.

12. On December 6, 2006, Wolfes filed the lower-numbered action in the Superior Court of California, County of Santa Clara, seeking a judicial determination of the obligation of Burlington to defend her with regard to the Underlying Action.

13. Burlington removed the lower-numbered action to the Northern District of California on February 2, 2007.

14. On September 10, 2007, Wolfes filed the higher-numbered action in the Northern District of California.

15. The higher-numbered action asserts claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress against Burlington.

16. The complaint in the higher-numbered action alleges that its causes of action stem from: 1) Burlington's continuing unjustifiable refusal to defend Wolfes; and 2) Burlington's collusion with the plaintiffs in the Underlying Action.

I declare, under the penalty of perjury under the laws of the State of California and the laws of the United States, that the foregoing is true and correct. Executed this 6th day of February, 2008, at San Jose, California.

/s Gerald A. Emanuel

Gerald A. Emanuel

-3-

DECLARATION OF GERALD A. EMANUEL IN SUPPORT OF MOTION TO CONSOLIDATE CASES