**HINKLE, JACHIMOWICZ, POINTER & EMANUEL**
GERALD A. EMANUEL, Bar#61049
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051
E-mail:gemanuel@hinklelaw.com

Attorneys for Plaintiff
JENNY WOLFES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNY WOLFES,<br><br>              Plaintiffs,<br><br>vs.<br><br>BURLINGTON INSURANCE COMPANY AND DOES 1 to 25, Inclusive,<br><br>              Defendants. | CASE NO. C07 4657 JW<br><br>**JENNY WOLFES' OPPOSITION TO DEFENDANT THE BURLINGTON INSURANCE COMPANY'S MOTION TO STRIKE ALLEGATIONS OF AND PRAYER FOR PUNITIVE DAMAGES**<br><br>**Hearing Date:** January 28, 2008<br>**Hearing Time:** 9:00 a.m.<br>**Judge:** Hon Ronald M. Whyte |

## **I. INTRODUCTION**

Defendant The Burlington Insurance Company ("Burlington") has brought this motion under Rule 12(f), seeking to strike those portions of Plaintiff Jenny Wolfes' ("Wolfes") Complaint that seek punitive damages. However, Burlington has incorrectly applied the California State standard of pleading and ignored the allegations of paragraphs 23 and 24 of the Complaint, which adequately support a demand for punitive damages even by that standard. Therefore, Wolfes requests that the motion be denied or, alternatively, for leave to amend the Complaint.

///

///

## II. LEGAL ARGUMENT

**A.    Motions to Strike are Disfavored**

Motions to strike pursuant to Rule 12(f) are generally disfavored and rarely granted. Sapiro v. Encompass Ins., 221 FRD 513, 516-17 (N.D. Cal. 2004).  This is because of the limited importance of pleading in federal practice, and because motions to strike are often used for improper purposes.  Nielson v. Union Bank of Cal., 290 FSupp. 2d 1101, 1152 (C.D. Cal. 2003).  Such motions are denied "if any doubt exists whether the allegations in the pleadings might be relevant in the action."  Montecino v. Spherion Corp., 427 F. Supp.2d 965, 967 (C.D. Cal. 2006) (citing In re 2TheMart.com Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).

**B.    The Motion to Strike Incorrectly Applies the California State Standard of Pleading.**

Burlington correctly observes that California case law generally establishes a heightened pleading standard to recover punitive damages under Civil Code section 3294.  However, Burlington's reliance on California law is misplaced, because the Federal Rules of Civil Procedure govern the sufficiency of the Complaint in this action.

Rule 8 of the Federal Rules of Civil Procedure provides pleadings "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). Additionally, Rule 9 states "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  This Rule does not require "any particularity in connection with an averment of intent, knowledge or condition of the mind."  Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc)) (emphasis in original).  Rather, "[i]n federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments  of malice or fraudulent intent."  Id.

**C.    Under the Federal Standard, Wolfes Has Met Her Burden of Pleading.**

The allegations of paragraphs 26 and 33 of the Complaint are sufficient under the proper standard, referenced above.  Paragraph 26 alleges that Burlington's acts were "willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages."  Paragraph 33 alleges that Burlington acted "willfully, oppressively, maliciously, and in

-2-

conscious disregard of the rights of plaintiff, and with the intent to . . . injure Plaintiff such that Plaintiff is entitled to a recovery of punitive damages." These allegations appropriately track the elements of Section 3294, and are consistent with Rules 8(a) and 9(b). Thus, the challenged allegations and prayer are not "redundant, immaterial, impertinent, or scandalous," and should not be stricken. See Lear v. Louisville Ladder, Inc., 2007 U.S. Dist. LEXIS 75007 (D. Cal. 2007) (citing Morris v. Parke, Davis & Co., 573 F. Supp. 1324, 1326 (C.D. Cal. 1983) (denying motion to strike prayer for punitive damages in product liability case)).

**D.  The Motion Ignores the Allegations of Paragraphs 23 and 24, Which More than Adequately Support a Demand for Punitive Damages Even by California Pleading Standards.**

In bringing this motion, Burlington has ignored allegations in the Complaint which support a demand for punitive damages. Paragraph 23 of the Complaint alleges, in relevant part:

> 23. Plaintiff is informed and believes and thereon alleges that . . .
> D.  BURLINGTON conspired with William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees in order to gain an unfair advantage, to decrease Leunis' liability, and to dissuade Plaintiff from seeking benefits due her under the policy by unreasonably opposing Plaintiff's motions, all calculated to increase Plaintiff's attorney's fees.
> E.  BURLINGTON conspired with William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees and to decrease the potential liability in order to gain an unfair advantage, to decrease Leunis' liability and dissuade Plaintiff from seeking benefits due her under the policy by refusing to negotiate in good faith with Plaintiff.

Paragraph 24 of the complaint also alleges, in relevant part:

> 24. The denial of benefits claimed by Plaintiff under the policy was done by BURLINGTON without reasonable cause. BURLINGTON knew that a duty to defend was owed to Plaintiff, yet refused to provide a defense.

Punitive damages may be awarded for "oppression, fraud, or malice," Cal. Civ. Code § 3294(a). Malice is defined as "conduct which is intended by the defendant to cause injury to the

-3-

plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1).  Oppression is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2).  The acts alleged in paragraphs 23 and 24 support an award of punitive damages based on both of these theories.

The allegations of the Complaint at paragraphs 23 and 24 impute malice to Burlington. Paragraphs 23 and 24 allege that Burlington: 1) conspired with William Leunis ("Leunis"), the plaintiff in the underlying action, to increase Wolfes' attorneys fees and to create an unfair advantage in favor of Leunis; and 2) knew that it owed a duty to defend Wolfes, but refused to do so.  These acts were all done with the foreknowledge that Wolfes would be harmed thereby, and therefore constitute malice on the part of Burlington.

Likewise, the acts alleged in paragraphs 23 and 24 also support punitive damages on a theory of oppression.  To conspire with the parties opposing its insured in litigation and then the consciously disregard its known duty to defend the insured are surely "despicable" conduct done in conscious disregard of the insured's right to a defense.  One may also infer that the insured was required to fund her own defense in the litigation, and simultaneously bring suit against the insurance company, resulting in adequate hardship.

Because the facts alleged in the complaint, many of which were ignored by Burlington in bringing this motion, support a demand for punitive damages, Wolfes requests that this motion be denied.  Should the court grant the motion, Wolfes requests leave to amend the Complaint.

///
///
///
///
///
///
///
///

-4-

### III. CONCLUSION

This motion is a prime illustration of why 12(f) motions are generally disfavored. In bringing this motion, Burlington has applied an incorrect standard of pleading and ignored portions of the Complaint that set forth the very allegations that it claims are lacking. Therefore, Wolfes' respectfully requests that the motion be denied. Should the court grant the motion, Wolfes requests leave to amend the Complaint.

Dated:   February 22, 2008           HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By:     /s Gerald A. Emanuel
Gerald A. Emanuel
Attorney for Plaintiff
JENNY WOLFES