1 | **HINKLE, JACHIMOWICZ, POINTER & EMANUEL**
GERALD A. EMANUEL, Bar#61049
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone:   (408) 246-5500
Facsimile:   (408) 246-1051
E-mail: gemanuel@hinklelaw.com

Attorneys for Plaintiff
JENNY WOLFES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNY WOLFES,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BURLINGTON INSURANCE COMPANY AND DOES 1 to 25, Inclusive,<br><br>          Defendants. | CASE NO.  C07 4657 JW<br><br>**JENNY WOLFES' OPPOSITION TO DEFENDANT THE BURLINGTON INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT AS IMPROPERLY DUPLICATIVE**<br><br>**Hearing Date:**   January 28, 2008<br>**Hearing Time:**   9:00 a.m.<br>**Judge:**   Hon James Ware |

## I.  INTRODUCTION

Defendant The Burlington Insurance Company ("Burlington") has brought this motion seeking to dismiss Plaintiff Jenny Wolfes' ("Wolfes") entire Complaint as duplicative of a previously filed lawsuit or, alternatively, to dismiss the second through fourth causes of action thereof for failure to state a claim.  First, dismissal of the entire complaint as duplicative would be unjust and is not warranted even under the authority cited by Burlington.  Second, Burlington has incorrectly applied the California State standard of pleading, and the allegations of the second through third causes of action are sufficient under the Federal standard.  Accordingly, with the exception of dismissal of the fourth cause of action, Wolfes requests that this motion be denied or, alternatively, for leave to amend the Complaint.

-1-

## II. SUPPLEMENTAL STATEMENT OF FACTS

At no time did Wolfes' counsel Gerald A. Emanuel ever state to Burlington's former counsel, Richard C. Rey, II, that this action was filed because Wolfes would be unable to obtain leave to amend the complaint in the action *Jenny Wolfes v. Burlington Insurance Company*, case number C07-00696 RMW ("the Declaratory Relief Action").  See Declaration of Gerald A. Emauel in Support of Opposition to Motion to Dismiss, ¶ 3 ("Decl. Emanuel").  Mr. Emanuel further denies ever saying anything that could remotely be construed to carry that meaning. Decl. Emanuel, ¶ 4.

## II. LEGAL ARGUMENT

**A.  Dismissal of the Entire Action as Duplicative is Neither Warranted Nor Just**

    **1)  There is no Evidence that Wolfes Filed this Action for an Improper Purpose or that Burlington Will Suffer Prejudice by Virtue of Wolfes' Filing a Second Action Rather than Seeking Leave to Amend the Complaint in the Declaratory Relief Action.**

This case does not merit dismissal of the entire action as duplicative.  The only authority cited by Burlington in favor of outright dismissal of the entire complaint, <u>Adams v. State of California Department of Health Services</u>, 487 F.3d 684, is inapposite here.  In <u>Adams</u>, the plaintiff sought leave to amend her complaint long after the deadline to do so had passed.  After the trial court denied her motion to amend, the plaintiff sought to circumvent that order by filing a second complaint, which the trial court dismissed with prejudice.  <u>Id</u>.  On appeal, the Ninth Circuit held that "**given the circumstances of this case**, the district court did not abuse its discretion in dismissing Adam's later-filed complaint with prejudice."  <u>Id</u> at 688 (emphasis added).  Burlington, however, has inaccurately cited <u>Adams</u> as authority for the sweeping proposition that whenever an action is duplicative of a later filed action, is must be dismissed with prejudice.  In reality, Adams does not militate for dismissal of the this action with prejudice, because there is no evidence of  an improper purpose on the part of Wolfes or prejudice to Burlington.

First, there is no evidence that Ms. Wolfes filed this action for an improper purpose.

-2-

1  Unlike the second action in Adams, this action could not have been filed to circumvent an order
2  of the Court, because there is no order denying leave to amend the complaint in the Declaratory
3  Relief Action.  Further, there was little if any potential for such an order to exist, because this
4  action was filed long before the Motion Hearing Cut-off of the Declaratory Relief Action, and
5  well within the applicable statute of limitations.  Burlington's only support on this issue is the
6  dubious statement of its previous attorney, Richard C. Rey, II, that "Plaintiff's counsel, Mr.
7  Gerald Emanuel, admitted that the second lawsuit was filed only because he knew that plaintiff
8  would be unable to obtain leave to amend the first lawsuit."  See Burlington's Motion to
9  Dismiss, page 3, lines 22-24.  Tellingly, Mr. Rey's statement is not made by declaration, and
10 Mr. Emanuel denies ever making any such statement.

11 Second, Burlington has not and cannot  show that it has been prejudiced by virtue of
12 Wolfes' filing this action rather than seeking to amend the complaint in the Declaratory Relief
13 Action.  Discovery has not completed in the Declaratory Relief Action.  As of the date of this
14 memorandum, neither Burlington nor Wolfes have taken even a single deposition in either
15 action.  Therefore, there will be no duplication of effort on the part of Burlington by virtue of
16 this action.  Any claim of prejudice by virtue of delay is further belied by Burlington's repeated
17 voluntary stipulations to continuances of the pre-trial deadlines of the Declaratory Relief Action.

**2) Dismissal of this Entire Action as Duplicative Will Result in Forfeiture on the Part of Wolfes and a Purely Procedural Victory to Burlington**

20 If this entire action is dismissed as Burlington requests, Wolfes will unjustly forfeit her
21 right to all of the valid causes of action therein, and Burlington will benefit from a purely
22 procedural victory.  In the words of Justice Black:

> The basic purpose of the Federal Rules is to administer justice
> through fair trials, not through summary dismissals . . . If rules of
> procedure work as they should in an honest and fair judicial
> system, they not only permit, but should as nearly as possible
> guarantee that bona fide complaints be carried to an adjudication
> on the merits.
> Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966).

28 A court should, therefore, liberally construe the Rules so as not to foreclose a decision on the

-3-

merits unless the result would be prejudicial to the other party.  See <u>Schiavone v. Fortune</u>, 477 U.S. 21, 27 (1986);  <u>Foman v. Davis</u>, 371 U.S. 178, 181 (1962); <u>Conley v. Gibson</u>, 355 U.S. 41, 48 (1957).  Because dismissal will result in forfeiture of Wolfes' otherwise valid causes of action, Wolfes requests that the Court deny Burlington's motion to dismiss.

### 3) Consolidation, Rather than Dismissal, is Appropriate

The district court has broad discretion to consolidate actions.  As stated in Adams: "**After weighing the equities of the case**, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or **to consolidate both actions**."  <u>Id</u>. (citing <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138-39 (2d Cir. 2000); <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70-71 (3d Cir. 1977) (en banc), cited with approval in <u>Russ v. Standard Ins. Co.</u>, 120 F.3d 988, 990 (9th Cir. 1997)) (emphases added).

Here, Wolfes respectfully submits that the equities of this case justify consolidation rather than dismissal.  As noted above, there is no evidence of an improper purpose on the part of Wolfes or prejudice to Burlington, and consolidation will prevent Wolfes' forfeiture of otherwise valid causes of action.  Consolidation is properly before the Court by virtue of Wolfes' Motion to Consolidate, which has been set for hearing on the same date as the hearing in this motion.  Because consolidation the two actions is the manifestly the just alternative, Wolfes requests that the Court deny Burlington's  Motion to Dismiss and grand Wolfes' Motion to Consolidate.

**B.    The 12(b)(6) Motion as to the Second Cause of Action, for Breach of the Covenant of Good Faith and Fair Dealing, Should be Overruled**

Burlington correctly observes that California case law generally establishes a heightened pleading standard with regard to allegations of insurer bad faith.  However, Burlington's reliance on California law is misplaced, because the Federal Rules of Civil Procedure govern the sufficiency of the Complaint in this action.

To survive a 12(b)(6) motion in Federal court, a plaintiff need only state a valid cause of action, giving the court and defendant(s) fair notice of the claims asserted.  Fed. R. Civ. P. 8(a);

1  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  No technical forms of pleading are

2  required.  Fed. Rule Civ. Proc. 8(e)(1).  For these very reasons, the 12(b)(6) motion is

3  disfavored and rarely granted.  Gillian v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

4       On a Motion to Dismiss for failure to state a claim, all material allegations in the

5  complaint must be taken as true and construed in the light most favorable to the non-moving

6  party.  NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). A complaint should not

7  be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in

8  support of his claim which would entitle him to relief."  Moore v. City of Costa Mesa, 886 F.2d

9  260, 262 (9th Cir. 1989) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct.

10 99 (1957)).  Finally, if a complaint is dismissed, leave to amend should be denied only when the

11 Court determines that allegation of other facts consistent with the challenged pleading could not

12 possibly cure the defect.  Fed. R. Civ. P. 15(a); Schreiber Dist. v. Serv-Well Furniture Co., 806

13 F.2d 1393, 1401 (9th Cir. 1986) (citing Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962)).

14      Even by California State standards, Wolfes has properly alleged a cause of action for

15 breach of the covenant of good faith and fair dealing.  According to Burlington's own

16 Memorandum of Points and Authorities ("MPA") in support of this motion: "allegations which

17 assert a 'bad faith' claim against an insurer must show that the conduct of the insurer . . .

18 demonstrate a failure or refusal to discharge contractual responsibilities, prompted not by an

19 honest mistake, but . . . by a conscious and deliberate act."  In that regard, Paragraph 23 of the

20 Complaint alleges, in relevant part:

> 23. Plaintiff is informed and believes and thereon alleges that . . .
>     D.  BURLINGTON conspired with William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees in order to gain an unfair advantage, to decrease Leunis' liability, and to dissuade Plaintiff from seeking benefits due her under the policy by unreasonably opposing Plaintiff's motions, all calculated to increase Plaintiff's attorney's fees.
>     E.  BURLINGTON conspired with William Leunis, plaintiff in the underlying action, in developing a strategy to increase Plaintiff's attorney's fees and to decrease the potential liability in order to gain an unfair advantage, to decrease Leunis' liability and dissuade Plaintiff from seeking benefits due her under

the policy by refusing to negotiate in good faith with Plaintiff.

Paragraph 24 of the complaint also alleges, in relevant part:

> 24. The denial of benefits claimed by Plaintiff under the policy was done by BURLINGTON without reasonable cause. BURLINGTON knew that a duty to defend was owed to Plaintiff, yet refused to provide a defense.

These paragraphs allege not only that Burlington acted in conscious and deliberate disregard for its contractual duties, but that Burlington actively conspired with the parties in the Underlying Action to benefit its bargaining position. Therefore, even by the strict standard advocated by Burlington, the allegations of the Complaint are more than sufficient. However, should the Court grant this motion as to the second cause of action, Wolfes' requests leave to amend.

**C.  The 12(b)(6) Motion as to the Third Cause of Action Should be Overruled, Because the Allegations of the Complaint are More than Sufficient to State a Cause of Action for Intentional Infliction Emotional Distress**

Again, Burlington has applied the California State standard of pleading. Again, Burlington's reliance on California law is misplaced, because the Federal Rules of Civil Procedure govern the sufficiency of the Complaint in this action.

Even by California State standards, Wolfes has properly alleged a cause of action for intentional infliction of emotional distress. The elements of a cause of action for intentional infliction of emotional distress are: 1) Outrageous conduct by the defendant; 2) An intention to cause, or a reckless disregard of the probability of causing, emotional distress; 3) The suffering of severe emotional distress by the plaintiff; and 4) Damages caused by the defendant's outrageous conduct. <u>Trerice v. Blue Cross of Cal.</u>, 209 Cal. App. 3d 878, 883 (1989). Of these, Burlington claims that the first element is missing.

Burlington is correct that proof of the first element requires conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community. However, in concluding that the allegations of the complaint fail to meet this standard, Burlington has expressly ignored all allegations of the complaint except those stated in paragraphs 29 through 33. See Burlington's MPA, page 15, lines 7-12. In doing so, Burlington failed to recognize that

Paragraph 28 of the Complaint incorporates Paragraphs 1 through 27 into this cause of action. As noted above, however, Paragraph 23 of the complaint alleges that Burlington actively colluded with third parties to achieve an advantage over Wolfes. Such conduct, if proven, would certainly be sufficient to make this issue a question for the jury.

Assuming, for the sake of argument, that the third cause of action would not survive a demurrer in California State court, it is more than adequate, here. However, should the Court grant this motion as to the third cause of action, Wolfes' requests leave to amend.

**D.  Wolfes Concedes to Dismissal of the Fourth Cause of Action, for Negligent Infliction of Emotional Distress.**

With regard to the fourth cause of action, Wolfes concedes that an insurer may not be held liable under a direct victim theory of negligent infliction of emotional distress.

### III.  CONCLUSION

Wolfes respectfully requests that the court deny Burlington the procedural bonanza that it seeks through this motion. Dismissal of the entire action as duplicative would work an injustice to Wolfes' without avoiding any legitimate prejudice to Burlington. Wolfes Complaint sufficiently states causes of action for Bad Faith and Intentional Infliction Emotional Distress, even under the more stringent standards of pleading applicable in California State court. Therefore, with the exception of dismissal of the fourth cause of action for negligent infliction of emotional distress, Wolfes requests that the Court deny this motion or, alternatively, grant leave to amend.

Dated:   February 22, 2008          HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By:___/s Gerald A. Emanuel_____
Gerald A. Emanuel
Attorney for Plaintiff
JENNY WOLFES