1  **WESTON & McELVAIN LLP**
   RICHARD C. WESTON (State Bar No. 126491)
2  AARON C. AGNESS (State Bar No. 221943)
   888 West Sixth Street, 15th Floor
3  Los Angeles, California 90017
   Telephone:  (213) 596-8000
4  Facsimile:   (213) 596-8039
   E-mail:      rweston@wmattorneys.com
5              aagness@wmattorneys.com

6  Attorneys for Defendant THE BURLINGTON
   INSURANCE COMPANY (erroneously sued
7  as BURLINGTON INSURANCE COMPANY)

8

                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                           SAN JOSE DIVISION
11

12 | JENNY WOLFES,                      ) CASE NO. C07 04657 RMW
                                        )
13 |         Plaintiff,                 ) **DEFENDANT THE BURLINGTON
                                        ) INSURANCE COMPANY'S REPLY
14 |   vs.                              ) TO JENNY WOLFES'
                                        ) OPPOSITION TO BURLINGTON'S
15 | BURLINGTON INSURANCE                ) MOTION TO DISMISS
     COMPANY AND DOES 1 to 25,          ) COMPLAINT AS IMPROPERLY
16 | inclusive                          ) DUPLICATIVE**
                                        )
17 |         Defendant,                 ) Date:  March 14, 2008
                                        ) Time:  9:00 a.m.
18                                      ) Ctrm:  6
                                        )
19                                      )

20

21      Defendant The Burlington Insurance Company ("Burlington") hereby submits

22 its Reply to Jenny Wolfes' Opposition to Burlington's Motion to Dismiss Complaint

23 as Improperly Duplicative.

24 ///

25 ///

26 ///

27

28
-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. DISMISSAL OF THIS ACTION IS PROPER.

Notably, in Plaintiff Jenny Wolfes' Opposition, there is no explanation as to why Plaintiff filed a second action against the same defendant that arises out of the same nucleus of facts. Moreover, Plaintiff does not contend that the two cases arise out of a different nucleus of facts or are somehow unrelated. In other words, it is undisputed that Plaintiff chose to file a second action against the same defendant for claims arising out of the same facts.

Irrespective of the motivation for filing the duplicative action, and for the reasons already set forth in Burlington's moving papers, it was improper for Wolfes to file the second action. Accordingly, Plaintiff's second action against Burlington should be dismissed.

## II. IF THE DUPLICATIVE COMPLAINT IS NOT DISMISSED, PLAINTIFF'S CLAIMS FOR BAD FAITH AND INTENTIONAL INFLICTION OF EMOTION DISTRESS SHOULD BE DISMISSED.[1]

In deciding a 12(b)(6) motion, although a court is to accept all material allegations in the complaint, as well as reasonable inference drawn from them, see, e.g., Beliveau v. Caras, 873 F. Supp. 1393, 1395-1396 (C.D. Cal. 1995), a court need not accept conclusory allegations, legal characterizations or unreasonable inferences of fact. Transphase Sys., Inc. v. So. Cal. Edison Co., 839 F. Supp. 711, 718 (C.D. Cal. 1993); Moody v. Liberty Life Assur. Co., 2007 U.S. Dist. LEXIS 32837 at *15 (N.D. Cal. 2007) (citing Transphase).

///

---

[1] Note, Plaintiff already conceded in its opposition that its fourth claim for negligent infliction of emotional distress should be dismissed. [Plaintiff's Opposition, 7:8-11.] As such, that claim is not further discussed in this reply brief.

-2-
DEFENDANT THE BURLINGTON INSURANCE COMPANY'S REPLY TO JENNY WOLFES' OPPOSITION TO BURLINGTON'S MOTION TO DISMISS COMPLAINT AS IMPROPERLY DUPLICATIVE

### A. Plaintiff's Claim for Breach of the Implied Covenant Alleges Nothing More than a Refusal to Pay; The Allegations of "Conspiracy" are Pure Conclusions.

Plaintiff points to two paragraphs to establish that its bad faith claim is sufficiently pled. [Plaintiff's Opposition, 5:14-6:10.] The first paragraph – paragraph 23 – contains a conclusory allegation of some kind of conspiracy taking place between Burlington and a plaintiff in the underlying action filed against Ms. Wolfes. There is no question that the "conspiracy theory" set forth by Ms. Wolfes fails to cite any supporting facts or any other conduct that would support this far-fetched notion. Ms. Wolfes should not be permitted to rely on this baseless and unsupported theory to assert a bad faith claim.

The only other paragraph Plaintiff mentions in its Opposition is paragraph 24. In that paragraph, Plaintiff again sets forth a conclusory allegation that Burlington "knew that a duty to defend was owed to Plaintiff, yet refused to provide a defense." [Plaintiff's Opposition, 6:3-6.] Once again, there are zero facts set forth in Plaintiff's Complaint to support this allegation. As such, the Court should not accept this conclusory allegation as being sufficient to support a bad faith claim. This conclusory allegation is asserted in all bad faith claims, except that the subject Complaint does not have the accompanying facts to support such an allegation.

### B. Plaintiff's Unsupported Conspiracy Theory is Insufficient to Sustain its IIED Claim.

Similar to Plaintiff's bad faith claim, Plaintiff relies on the "conspiracy theory" to support the notion that it sufficiently pled a claim for intentional infliction of emotional distress. [Plaintiff's Opposition, 6:24-7:7.] For the same reason as explained above, Plaintiff should not be permitted to rely on this unsubstantiated claim to support its third cause of action for intentional infliction of emotional distress. There are NO facts set forth that establish outrageous conduct on the part

1  of Burlington. Accordingly, if the entire duplicative complaint is not dismissed,
2  Plaintiff's third cause of action for IIED should be dismissed.

### III. CONCLUSION.

For the foregoing reasons, Defendant The Burlington Insurance Company requests that its Motion to Dismiss be granted.

DATED: February 29, 2008

Respectfully submitted,
WESTON & McELVAIN LLP

_____
Richard C. Weston
Aaron C. Agness
Attorneys for Defendant
THE BURLINGTON INSURANCE
COMPANY (erroneously sued
as BURLINGTON INSURANCE
COMPANY)

**PROOF OF SERVICE**
*Jenny Wolfes v. Burlington Insurance Company*
*USDC, Northern District Case No.C07 00696*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

On **February 29, 2008**, I served the foregoing document described as: **DEFENDANT THE BURLINGTON INSURANCE COMPANY'S REPLY TO JENNY WOLFES' OPPOSITION TO BURLINGTON'S MOTION TO DISMIS COMPLAINT AS IMPROPERLY DUPLICATIVE** on all parties as indicated below:

*Gerald Emanuel*
*HINKLE, JACHIMOWICZ, POINTER & EMANUEL*
*2007 West Hedding Street, Suite 100*
*San Jose, CA 95128*
*Telephone: (408) 246-5500*
*Facsimile: (408) 246-1051*

[X]   by placing the true copies thereof enclosed in sealed envelopes addressed as stated above.

[X]   **BY MAIL** as follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ]   **BY FEDERAL EXPRESS:** I caused said envelope to be delivered to a courier authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person to whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service.

[ ]   BY FACSIMILE   I sent such document from facsimile machine (213) 596-8039 on February 29, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed on the attached service list.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 29, 2008**, at Los Angeles, California.

SHARON POLK

-1-